

RECEIVED
JUL 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,      06-1143
   Plaintiff,     gk – Judge Kessler
   Vs.
American University,
   Defendant

**PLAINTIFF'S MORE DEFINITE STATEMENT: IF TWO OFFENSES ARE SPECIFIED, HE COULD DROP OPPOSITION TO CONSOLIDATION**

1. Plaintiff respectfully gives court more definite statement in response to the court's request: Bonner and Kiernan did not specify defects under Fed.R.Civ.P. 12 and Plaintiff disagrees with their contention his D.C. Superior Court statement was vague and ambiguous.. There are many similar, overlapping matters in 06-455 and 06-1143 and Plaintiff had already agreed to consolidation of discovery in both cases. Since these retaliation issues are already in discovery in Case 06-455, the court should avoid duplicating these issues in Case 06-1143, and more will not be known on Defendant's reasoning or use of particular individuals for retaliatory purposes before discovery:
A) Circulations of letter to Margaret Spellings on May 17, 2005 including on same day::
i) Visit to request student file under FERPA, 20 U.S.C, 1232g, a legal right
ii) Request to April Hornung for information on how to file discrimination complaint against Brenda Harner and Human Resources of American U., a legal right
iii) Visit to Financial Aid office to give appeal, inspect records with legal rights
iv) Permissible, polite visits to Student Accounts: Darryl Cook and C. Trybulec
v) Reasonable visit to discuss crises in Spellings letter with consent of Mr. Kumar in Mediation: Mr. Kumar's office requires confidentiality, yet he could be called to testify J. Slovinec was not threatening harm to him, and had Mr. Kumar's permission to visit with earlier request for appointment.
2. 06-455 covers relation of McNair's actions to all employment discrimination and retaliation for using federal legal rights: Please see "The Supreme Court Clarifies What Constitutes An Adverse Employment Action in Retaliation Cases", Author Kari Legg on website on Neal Gerber Eisenberg http://www/ngelaw.com/news/pubs which informed Plaintiff on opinion of U.S. Supreme Court Justice Breyer for ruling in *Burlington Northern and Santa Fe Railway Company v. Sheila White,* in U.S. Supreme Court (S.Ct.), June 22, 2006 (On Writ of Certiorari to U.S. Court of Appeals 6th Circuit, 364 F. 3d 289) http,://www.law.cornell.edu/supct/html. pp. 1-2: Rights to complain on retaliation are moderately liberally construed: "We conclude that the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace. We also conclude that the provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant." It was definitely materially adverse when B. Harner told J. Slovinec McNair's barring order had forbidden her from offering J. Slovinec any job interviews. In addition, and McNair used intimidation to try to dissuade J. Slovinec from making complaints.

3. Remaining purposes of 06-1143 include all McNair defamation which is not directly cause of action under 42 U.S.C. 2000 e-5, et seq. .    The only comparable case on a major Internet system is *D.C. Superior Court Civil Case 05-0803, Jordan Nott v. George Washington University,* where on p. 4 GWU issued a barring order after Nott had depression and sought psychiatric help and p. 12 accused him of "Endangering Behavior" under formal rules on health and safety.. If this was justification, McNair lacked similar justification to bar J. Slovinec after his May 12, 2005 letter to Secretary Spellings merely repeated what Maryland authorities had told him after Julie Weber threatened to evict J. Slovinec from Park Bethesda, an A.U. dorm, that J. Slovinec could not use homeless shelters for only mentally ill and substance abusers because he was in neither category: J. Slovinec's May 17 visit did not violate AU rules. On p. 6 Nott "was put on interim suspension from the University, evicted from his dorm room, prohibited from attending classes, and barred from GWU-supervised events. GWU continues to treat Jordan like a criminal, barring him from visiting friends or attending public events on campus". (See pp. 5-6) and on p. 14 of Nott case, the barring order was "circulated to University police and dorms..other individuals on the list were barred due to disciplinary charges such as sexual assault, physical abuse, destruction of property, theft,". Etc. McNair wrote a similar arrest threat like Nott received from GWU on p. 17 of the Nott case which was also based on D.C. Code 22-3302: the primary source of the arrest threat was a D.C. ordinance, not a federal law, so court jurisdiction is uncertain. The U.S. Supreme Court on parallelism called for "wise judicial administration" and "to avoid duplicative litigation", *Colorado River Water Cons. Dist. V. U.S.,* 424 **U.S.** 817 (1976) However, J. Slovinec is willing to drop earlier objections to consolidation if there are same day trials with same jury and two offenses: employment discrimination with $30,000 in damages or more for lost wages if the court orders it as equitable relief; and all defamation which is not linked to employment discrimination and includes Nott case issues like D.C. Code 22-3302 with $26,000 in damages: Total damages for both charges == $56,000. In regards to "order in which jurisdiction was obtained by the concurrent forums", *Colorado River Water Cons. Dist. V. U.S.,* 424 **U.S.** 819 (1976), American U. and attorneys are reminded: U.S. District Court Judge Urbina in 05-1293 included barring order in June 27, 2005, and wrote it, and FERPA and all issues, in case lacked federal court jurisdiction; J. Slovinec sued in D.C. Superior Court by May 2006 for defamation; Mr. Hassell and Ms. Ramapuram at Bonner Kiernan asked for and gained removal of D.C. case to federal court. The Nott case was heard in D.C. Superior Court under D.C. Code 11-921 and 21-1401 and federal laws (includes disabled) 42 U.S.C. 12182 and 42 U.S.C. 3694: J. Slovinec concluded this could be heard in either court, and, since he cannot disregard Judge Urbina's ruling with a probable appeal to U.S. Supreme Court, J. Slovinec stated conditions where he could drop opposition to American U. attorney in 06-455 Mr. Khalid's desire for consolidation.

PROOF OF SERVICE: By hand delivery to receptionist, during July 19 business day to: Christopher Hassell and Christine Ramapuram, Bonner Kiernan, et al., 1233 20th St., N.W., Suite 800. Washington, D.C.. Please accept only 1 paper for Mr. Khalid today. Joseph Slovinec, 425 2nd St., Washington, D.C. July 19, 2006

*Joseph Slovinec*