IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

Joseph Slovinec,　　　　　　　　　　　　　　06-1143
　Plaintiff,　　　　　　　　　　　　　　　　gk (Judge Gladys Kessler)
　　Vs.
American University,
　Defendant

NOTICE OF MOTION FOR CONSOLIDATION

1. Plaintiff hereby motions the court in Case 06-1143 to consolidate this case Case 06-455, and Plaintiff sends this to Bonner Kiernan, attorney for American U. in 06-1143, at request of American U. Attorney in 06-455, Hisham Khalid since Plaintiff already send Judge Kessler a motion to consolidate both cases in 06-455.
Judge Kessler is asked to rule by mail with scheduling difficulties: about Plaintiff no longer requests a hearing, he stills advises all it is ill-advised to require him to keep discovery materials at a homeless shelter.　Plaintiff wants to send written interrogatories to same witnesses on defamation and barring order in 06-1143 on identical issues in 06-455 of barring order of May 17, 2005 as retaliation and prevention of job interviews, a materially adverse act, after asking American U. for information on how to file a discrimination complaint earlier on May 17( see U.S. Supreme Court Case 05-259, the *Burlington Northern v White* case on retaliatory motives for materially adverse acts.).

2. Plaintiff informs Judge Kessler he needs to inform Mr. Hassell and Ms. Ramapuram about the principal points in his U.S. Supreme Court appeal of Judge Urbina's ruling in 05-1293 which became 05-7090 in U.S. Court of Appeals:

　　A. The U.S. Supreme Court justices have been informed a remedy is available in a lower court since Judge Kessler is hearing defamation charges against American University in proposed bid to consolidate two pending cases 06-455 and 06-1143:
　　Plaintiff agrees with Mr. Hassell that defamation is a federal issue and he feels it was wrong for Judge Urbina to rule defamation was a D.C., not a federal issue: Plaintiff sued in D.C. Superior Court on same issue in May 2006, and Mr. Hassell and Ms. Ramapuram obtained removal of above case to federal court.

　　B. Issues of the temporary restraining order before Judge Urbina asking the U.S. Supreme Court to order free tuition and housing are only before that court, unless the Supreme Court orders a hearing in U.S. District Court: This would end American U.'s past attempts at collection and judgment before Maryland's Judge Vaughey: Plaintiff discloses after one $46 phone-call fee, he only had two employers since March 2006: one paid a total of $810 and one paid about $235. Plaintiff will notify Mr. Khalid also he is unable to keep any expected monthly payments and also cannot afford oral depositions under Rule 30 of Fed.R.Civ.P.
　　SERVICE BY U.S. MAIL: to Bonner Kiernan, 1233 20th St., N.W., Washington, D.C. 20036 for Christopher Hassell and Christine Ramapuram for Sept. 29, 2006

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 Sept. 28, 2006

*Joseph Slovinec*