IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH SLOVINEC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1143 |
| ) | Judge Kessler |
| AMERICAN UNIVERSITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT AMERICAN UNIVERSITY'S MOTION TO DISMISS**

COMES NOW, Defendant, American University (hereinafter the "University" or "Defendant"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure files its Supplemental Memorandum of Points and Authorities in Support of its previously-filed Motion to Dismiss. In support thereof, the University asks that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted and further states as follows:

**I.     Factual Background**

On June 27, 2006, the University filed a Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (hereinafter "Motion") pursuant to Rules 12(b)(6) and 12 (e) of the Federal Rules of Civil Procedure.  The University requested that Plaintiff's Complaint be dismissed or, alternatively, that Plaintiff be directed to file a more definite statement because Plaintiff's Complaint was vague, incomprehensible and failed to allege any claims or facts that could support a cognizable cause of action against the University.

On June 30, 2006, this Court entered an Order directing Plaintiff to file an opposition or other response to the University's Motion by August 1, 2006. On July 19, 2006, Plaintiff filed a document entitled "Plaintiff's More Definite Statement: If Two Offenses are Specified, he could Drop Opposition to Consolidation." This document purported to be a more definite statement provided in response to the Court's Order. The Court has not ruled on the University's Motion following the filing of the More Definite Statement. Accordingly, the University files this Supplemental Memorandum of Points and Authorities asking the Court to dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Procedure despite Plaintiff's "More Definite Statement."

## II.     Argument

Plaintiff's Complaint should be dismissed because, even after the filing of a "More Definite Statement", Plaintiff has failed to state a claim upon which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading, which include the requirement that "each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). Pursuant to Rule 10(b), all averments "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances.... Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P 10(b). "[T]he crux of 'the liberal concepts of notice pleading embodied in the Federal Rules' is to make the defendant aware of the facts." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999), *quoting Hanson v. Hoffman*, 628 F.2d 42, 53 (D.C. Cir. 1980). Although the pleadings of *pro se* litigants are "'subject to a less stringent standards than formal pleadings drafted by attorneys,'" *Poole v.*

*Gray*, 275 F.3d 1113, 1115 (D.C. Cir. 2002) *quoting Haines v. Kerner* 404 U.S. 519, 520 (1972), *pro se* litigants must comply with the minimal standards of notice pleading contemplated by Fed. R. Civ. P. 8(a). *Moll v. Carter*, 179 F.R.D. 609 (D.C. Kan. 1998).

Here, Plaintiff's Complaint does not comport with the essential requirements of notice pleading as it fails to afford the University the ability to identify Plaintiff's specific averments and fashion a response, even when considered under the leniency that is generally afforded to *pro se* litigants. Plaintiff's Complaint fails to meet the minimum threshold necessary to put the University on reasonable notice of any claims in simple, concise numbered paragraphs. Instead, the Complaint consists of lengthy, single-spaced paragraphs which contain multiple allegations against many individuals. As a result, the University is unable to respond to the vague, ambiguous, rambling and incomprehensible set of allegations contained the Complaint. Likewise, Plaintiff's More Definite Statement is incoherent and unintelligible. Instead of setting forth any clear cause of action, the More Definite Statement contains further ramblings about the consolidation of cases and unspecified "retaliation issues." The three single-spaced paragraphs which comprise the More Definite Statement are again so vague and ambiguous that the University remains unable to frame a responsive pleading.

Simply put, Plaintiff's Complaint and the More Definite Statement fail to allege any claims or facts that could support any cognizable cause of action against the University, even when viewed in the light most favorable to Plaintiff. As these pleadings fail to make the University aware of the facts upon which the Complaint is based, the University is unable to respond to Plaintiff's allegations. Plaintiff has had the opportunity to re-allege facts sufficient to state a cognizable cause of action, but has failed to do so. Accordingly, the Court should

dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

WHEREFORE, based on the foregoing, and for other good cause shown, Defendant American University respectfully requests this honorable Court to enter an Order dismissing Plaintiff's claims with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

Christopher E. Hassell, Esq., #291641
Christine S. Ramapuram, Esq. #492391
122 20th Street, N.W., 8th Floor
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (fax)
**Counsel for Defendant American University**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Supplemental Memorandum of Points and Authorities in Support of Defendant American University's Motion to Dismiss* and proposed *Order* was served *via* e-filing and mailed first-class, postage prepaid, this 16th day of October, 2006 to:

Joseph Slovinec
4252 N Street, N.W.
Washington, D.C. 20001
Plaintiff *pro se*

Christopher E. Hassell

158675-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH SLOVINEC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 006-1143 |
| ) | Judge Kessler |
| AMERICAN UNIVERSITY ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### ORDER

UPON CONSIDERATION OF Defendant American University's Motion to Dismiss and the Supplemental Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record in this matter, it is this ____ day of _____, 2006, hereby

ORDERED that Defendant American University's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
Judge, United States District Court for the
District of Columbia

cc:

Christopher E. Hassell, Esq.
Christine S. Ramapuram, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, NW, 8th Floor
Washington, DC  20036

Joseph Slovinec, *pro se*
4252 N Street, N.W.
Washington, DC  20001
Plaintiff, *pro se*