UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH SLOVINEC,       :
                       :
       Plaintiff,      :
                       :
v.                     :       Civil Action No. 06-1143 (GK)
                       :
AMERICAN UNIVERSITY,   :
                       :
       Defendant.      :

### ORDER

This matter is before the Court on Defendant's motion to dismiss or for a more definite statement and Plaintiff's motion to consolidate.

Defendant filed a motion to dismiss or for a more definite statement on June 27, 2006. Defendant argued that it is "unable to respond to the vague, ambiguous, rambling and incomprehensible set of allegations contained in [Plaintiff's] single-spaced, 15 page Complaint (with exhibits)." Def.'s Mot. ¶ 4. The Court issued an Order on June 30, 2006 directing Plaintiff to file his opposition or other response to Defendant's motion by August 1, 2006. Two days before issuance of the Court's Order, on June 28, 2006, Plaintiff filed a document styled "Plaintiff's More Definite Statement: If Two Offenses are Specified, He Could Drop Opposition to Consolidation." Evidently, Plaintiff was referring to a motion filed in another case, *Slovinec v. American University*, No. 06cv455 (GK) [Dkt. #26], styled "Urgent or Near-Emergency Motion Against

1

Consolidation of Cases Unless Pleading is Rewritten; Repeat of Request for Alternative Dispute Resolution and Use of Court Social Services by Plaintiff; and Request Same Standards, not Double Standards, in Review of Differing Views on Judge Urbina's Ruling of June 2005 and Her Honor's Ruling of August 2005."[1]

The Court must keep in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding the disorganized and rambling nature of Plaintiff's complaint, the Court cannot conclude that the pleading fails to comply with the minimal standards of a notice pleading under Rule 8(a) of the Federal Rules of Civil Procedure. Nor can the Court conclude that Plaintiff fails to state a claim upon which relief can be granted.

Review of Plaintiff's complaint in the instant action shows that, from May 17, 2005 to May 17, 2006, Plaintiff was barred from American University's main campus and shuttle buses "for disruptive activity at various university offices." Compl., App. A (letter from M. McNair, Chief of Police - Director, Public Safety Office of the Chief, American University), App. B (Barring Notice, Case

---

[1] The mention of "Judge Urbina's Ruling of June 2005" evidently refers to a case dismissed in screening. *See Slovinec v. American University*, No. 05cv1293 (UNA) (D.D.C. June 29, 2005), *aff'd*, 173 Fed. Appx. 838 (D.C. Cir. Nov. 29, 2005)(per curiam), *petition for cert. filed*, __ U.S.L.W. __ (U.S. July 12, 2006)(No. 06-6254).

Number 050425). It appears that Plaintiff challenges the barring order on the ground that it violates his rights under the First Amendment to the United States Constitution. In addition, Plaintiff appears to bring a defamation claim against American University for the issuance and distribution of the barring order. The Court will allow these two claims to proceed, and will dismiss any other claims that Plaintiff purports to bring in this action.[2] See 28 U.S.C. § 1915(e)(2)(B).

The Court will deny Plaintiff's motion to consolidate Civil Action Nos. 06cv455 and 06cv1143. Given the rambling and disorganized nature of the papers Plaintiff has filed in the instant civil action, it is not clear whether the "actions involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). Furthermore, discovery in Civil Action No. 06cv445 closes on November 1, 2006, and consolidation would delay proceedings unnecessarily.

Accordingly, it is hereby

ORDERED that Defendant's motion to dismiss or for a more definite statement [Dkt. #3, 5] is DENIED WITHOUT PREJUDICE, and it is further

ORDERED that Plaintiff's motion for consolidation [Dkt. #9] is DENIED, and it is further

---

[2] Plaintiff's purported more definite statement in no way clarifies or simplifies matters. Defendant need not file a response to it.

ORDERED that Defendant shall file its response to Plaintiff's challenge to the barring order and defamation claim within 30 days of entry of this Order.

SO ORDERED.

*/s/ Gladys Kessler*
GLADYS KESSLER
United States District Judge

Date: Nov. 2, 2006