IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
    Plaintiff,                                     06-1143 (gk)
    Vs.                                          Judge Kessler
American University,                   On Consolidation with:
    Defendant                           06-455 Dispostive Motions
                                               Due December 1

BARRING ORDER IS COMMON FACT TO BOTH CASES: MOTION TO RECONSIDER DENIAL OF MOTION TO CONSOLIDATE 06-1143 AND 06-455 AND EXTEND SCHEDULE OF ALL DISCOVERY IN 06-1143 AND ANSWERS TO INTERROGATORIES IN 06-455 TO DECEMBER 15

1. The court ruling has been received and Judge Kessler has the right to make it. This new motion agrees with Mr. Hassell's earlier agreement to support consolidation with a revision of the discovery schedule if the court denied his Motion to Dismiss, and it has. Judge Kessler has not carefully considered if the cases have a "common fact" under Fed.R.Civ.P. 42a: there is a common fact of the barring order of May 17, 2005. **Reasonable relief cannot occur with same trial, or is too inconvenient: relief in Case 06-455 calls for a court order to compel Plaintiff J. Slovinec's employment at American U. or elsewhere and this can only occur with a court order to end or lift the barring order in 06-1143 where a fair hearing should occur for both sides**. This means simply: in order to report to work at American U., Mr. Slovinec needs an end to the barring order.

2. **Plaintiff will try to request a trial date by January 22, 2007 if he can attend Roosevelt University in Spring 2007: He is required to accept a full-time job if one is offered in Washington, D.C. as a food stamp recipient, yet if none is offered, he would rather attend Roosevelt University and a complaint with perhaps a Motion for Intervention to U.S. Dept. of Justice by November 30, 2006, is probable on this case, court inefficiency, and wasting his time:** the court is reminded again that Plaintiff J. Slovinec has been on food stamps since August 2005 and residing in a homeless shelter/living facility, CCNV, since both of his major sources of funding were cut off: Judge Kessler refused his request for a court order for federal loans for him to attend Roosevelt University in Case 05-1690 in August 2005, and Judge Urbina refused his request for a court order for American University to give him free tuition in June 2005: discovery in 06-455 indicated American U. Professor Ronald Fisher wanted to refuse permission for a job reference in September 2005 to make Plaintiff drift around and use Food Stamp Employment Training program in Summer 2006 which, after two job fairs, has not given Plaintiff a full-time job placement: he has only earned about $1500 since January 2005. There is normally a federal loan deferment for food stamp recipients and it is brought to American U.'s attention that under Mayor Anthony Williams the Food Stamp Employment Training program has refused indirectly to

RECEIVED NOV 20 2006 NANCY MAYER WHITTINGTON, U.S. DISTRICT COURT, CLERK

compel a job offer for J. Slovinec like for TANF recipients: above rulings have encouraged Republican leaders and U.S. Secretary of Education Margaret Spellings to keep Plaintiff like a political prisoner in a Washington, D.C. homeless shelter when he could have attended Roosevelt. U.S. Secretary of Health and Human Services Mike Leavitt is partially responsible for administering the Food Stamp Employment Training program. Plaintiff wants an answer if a consolidated trial for both cases is feasible by Jan. 22, 2007 and reasons if it is not.

3. Plaintiff will simplify language after past complaints of Judge Kessler. The court is respectfully asked to reconsider the statement on Page 3 of Nov. 9, 2006 that "it is not clear whether the 'actions involve a common question of law or fact.'" The barring order is a common fact of both cases: in 06-455 it was originally described as racial hostility under EEOC because Maurice Carter or Carten acted as hostility to a letter which denounced black Edward Abankwa for fouling up J. Slovinec's credit rating with gas charges after J. Slovinec sold house; a new, intervening U.S. Supreme Court ruling in the Burlington Northern v. Sheila White case (see earlier pleadings – ruling on June 22, 2006) enable J. Slovinec to use it as evidence of retaliation for visiting April in Brenda Harner's office to ask how to file an employment discrimination complaint which is linked to Item a in Spellings' letter. The barring order was caused by Plaintiff's distribution of letter of about May 12, 2005 to U.S. Secretary of Education Margaret Spellings with these items, reasons for McNair's hostility:
3a. Complaint about not receiving tuition remission, an employee benefit
3b. A request to transfer credits from Spring 2005 to another program besides Dr. Fisher's which Dr. Fisher opposed
3c. J. Slovinec complained he had less than $1400 in bank.
3d. After Julie Weber in Housing and Dining threatened Plaintiff with eviction notice, Plaintiff complained to Spellings that Maryland Department of Health and Human Services would not allow him to stay in a homeless shelter since in summer they were only for mentally ill and substance abusers.
3e. Plaintiff had not received any financial aid since the Dec. 2004 letter from Dean Goodman's office.
3f. When Plaintiff sold his late father's house to Edward Abankwa, a black, Abankwa continued to keep J. Slovinec's name on Abankwa's Nicor gas bills for several months after Feb. 1, 2002 and Plaintiff refused to pay overcharge of $814 for gas bills after Feb. 1, 2002 and informed Nicor: it was listed unfairly as adverse item on J. Slovinec's credit report: it, or any item on letter, was among reasons for barring.
3g. Ronald Fisher refused to grade Plaintiff's paper because it was critical of Bush's policy on Iraq, and not consulting with Arab League before 2003 Iraq invasion.

3h. Mr. Berhanu of Financial Aid was not forthcoming on American U.'s programs to aid poor and needy

3i. Spellings was warned there was uncertainty on Plaintiff's job search with uncertainty on use of Fisher's name as reference after Plaintiff was unemployed during 2003 and 2004.

The letter to Spellings was more hostile in tone than the conversations Plaintiff had the same day with individuals where in two trials, Plaintiff would need to ask them to testify in both the trial in 06-455 and 06-1143: Plaintiff asks court to use somewhat more courteous tone to address his issues in pleadings where he listed names of those he visited, and conversations were not disruptive activity like demonstrating or arguing, Mr. Kumar, Ms. Trybulec, April in Human Resources, Darryl Cook in Student Accounts, and Financial Aid receptionist where discovery indicates J. Slovinec was labeled as "upset" once yet that there was no written request from the Financial Aid Office to bar J. Slovinec. Since all above reasons could have caused barring order and financial aid is related to Dr. Fisher's refusal to give permission for job reference, it is more efficient to consolidate the two cases without separate trials. It is noted Mr. Khalid has sent all of Plaintiff's materials to right address: the court has not criticized Mr. Hassell when he was disorganized and caused removal of this case from D.C. Court, where he did not file Motion to Dismiss, without properly notifying Plaintiff when he sent materials to wrong address 4252 N St., N.W., and Judge Kessler's clerk used the wrong address at 3023 N. Clark St., Chicago, Il. in August 2005, a suspected ridiculing of the liberal North Side 44th Ward where Plaintiff once resided.

4. **The court is reminded Mr. Hisham Khalid, attorney for American University, favored the Motion for Consolidation in an earlier pleading and Plaintiff argues reasoning of most of Federal Rule of Civil Procedure 42 a and b supports his contention it is more efficient to hold one consolidated trial:** Federal Rule of Civil Procedure 42b says the court should only support "separate trials" "in furtherance of convenience or to avoid prejudice" or if it is "conducive to expedition and economy": it is inconvenient for American U. to question the same witnesses twice, and to allocate time on two interrelated cases in addition to the obstacles of separate trials on employment and end to barring. **Plaintiff notes respectfully the court stated:** " Furthermore, discovery in Civil Action No. 06VC455 (listed as 445 in court error) closes on November 1, 2006 and consolidation would delay proceedings unnecessarily." American U. only gave its first written answer in discovery on October 24, 2006, less than a month ago and Plaintiff can only says production of documents and Ms. Harner's records was virtually completed: Interrogatories in 06-455 were not signed under oath and are not complete: this motion enables American U. to clarify issues and answer them by December 15, 2006 without sanctions. Thank you..

PROOF OF SERVICE: To attorneys on both cases: 06-1143 Christopher Hassell and Christine Ramapuram in Bonner Kiernan, 1233 20th St. N.W. and 06-455 Hisham Khalid, American U., 3201 New Mexico Av., N.W., Washington, D.C. 20016

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 Nov. 20. 2006