RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
MAY 32 PM 6: 23
NANCY M. MAYER-WHITTINGTON
CLERK

RECEIVED
MAY 2 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
   Plaintiff,
   Vs.
American University,
   Defendant

06-1143 (gk) Judge Kessler

FILING OF INFORMATION ON RELATED LAWSUIT AT MR. HASSELL'S REQUEST: U.S SUPREME COURT SEEKS TO IGNORE A CASE ON UNDERMINING OF JANUARY 2005 FEDERAL LOAN DEFERMENT

1. Judge Kessler and clerks of U.S. District Court are respectfully asked to enter as a paper which was requested by Mr. Hassell pursuant to Local Court Rule 16.3, information on all Plaintiff's pending lawsuits, especially those related to American University. In earlier pleadings in both 05-5372 and 05-1690, an earlier case against American University, Plaintiff complained about earlier theft of pleadings by residents at Community for Creative Nonviolence, especially in January and about April 25, 2006, which benefited the office of U.S. Secretary of Education Margaret Spellings. This is brought to attention of U.S. Senator Patrick Leahy and Senate Judiciary Committee since Congressional oversight (see Wikipedia website entry on 1927 U.S. Supreme Court recognition of Congressional oversight of U.S. Department of Justice) should also extend to proper standards of U.S. Supreme Court to "review" cases for petition for writ of certiorari after "judgment" 28 U.S.C. 1254 and the office of Clerk of U.S. Supreme Court William Suter was created by 28 U.S.C. 671 and Mr. Suter, hopefully in error, and yet with influence of falsity, sent the attached Appendix A on March 9, 2007: "The above-entitled petition for writ of certiorari was received March 8, 2007. The papers are returned for the following reason: Your case must first be reviewed by a United States court of appeals" or a state court: Illinois and D.C. courts were not used 28 U.S.C. 1257 in this case. Citing of "28 USC 1254" by Mr. Suter proves an error or falsity: a "judgment" under 28 U.S.C. 1254 or mandate after denial of a request of about April 25 for a rehearing was issued June 15, 2006 and is Appendix B: Mr. Suter's letter also seeks to ignore or conceal the August 30, 2006 receipt of U.S. Capitol Police which indicates an earlier petition for writ of certiorari was timely delivered within 90 days of the June 16 judgment: U.S. S.Ct. Rule 13. Relief under Rule 14 is offered for plaintiffs who corrected petitions: in this case since the U.S. Supreme Court is at fault, PLAINTIFF SEEKS RELIEF TO FILE AMENDED PETITION FOR WRIT OF CERTIORARI BY MAY 8, 60 DAYS AFTER LETTER FROM CLERK, U.S. S. Ct. 14. U.S. CAPITOL POLICE ARE ASKED TO SEARCH THEIR RECORDS

2. Mr. Hassell is reminded that someone at American U., probably Michelle Silberberg, procured an unrequested Sallie Mae in-school student loan deferment for J. Slovinec in January 2005 for Jan. 2005 – August 2008, longer than J. Slovinec would have requested and she did not discuss it with him: J. Slovinec also did not know the U.S. Dept. of Education claimed several other Ford loans were in default and claimed on phone a default was sent to the wrong address, 636 W. Winter, in December 2004: J. Slovinec suspected a pro-Republican faction used these tactics after Kerry's defeat and Spellings stubbornly kept these Loans in default after June 22, 2005 with forbidding J. Slovinec from attending school since then even when he was on food stamps, had zero in bank in January 2006, and earned only $2700 in 2006. PROOF OF SERVICE: In U.S. mail To: Mr. Christopher Hassell, 1233 20th St., N.W., Bonner Kiernan Washington, D.C. 20001: Hand-delivery of notes to Mr. Suter and Senator Leahy

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 May 1, 2007

*Joseph Slovinec* [signature]

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

March 9, 2007

Joseph Slovinec
425 2nd St., N.W.
Washington, DC 20001

RE: Slovinec v. Muncie

Dear Mr. Slovinec:

The above-entitled petition for writ of certiorari was received March 8, 2007. The papers are returned for the following reason(s):

Your case must first be reviewed by a United States court of appeals or by the highest state court in which a decision could be had. 28 USC 1254 and 1257.

Sincerely,
William K. Suter, Clerk
By:
S. Elliott
(202) 479-3025

Enclosures

APPENDIX A,
06-455,
MARCH 14, 2007

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5372

September Term, 2005

05cv01690



MANDATE
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 6/15/06
BY:
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  MAR 1 0 2006

CLERK

Joseph Slovinec,
    Appellant

v.

Mary Muncie, individually, and as Agent of U.S.
Department of Education,
    Appellee

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEFORE:   Ginsburg, Chief Judge, and Tatel and Griffith, Circuit Judges

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and the supplement thereto filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed August 24, 2005 be affirmed. The district court properly denied appellant's emergency motion for injunctive relief because appellant did not satisfy the stringent standards necessary for the relief he sought. See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977). Furthermore, the district court did not abuse its discretion in dismissing the complaint without prejudice for failure to comply with the requirements of Federal Rule of Civil Procedure 8(a), as the complaint did not contain "a short and plain statement of grounds upon which court's jurisdiction depend[ed]." See Ciralsky v. CIA, 355 F.3d 661, 668-69 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

Per Curiam

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

RECEIVED
SUPREME COURT OF U.S.
POLICE OFFICE

2006 AUG 30 P 3: 3*

RTT 1284/1531

NITED STATES

JOSEPH SLOVINEC PETITIONER
(Your Name)

vs.

MUNIIE ???
???          RESPONDENT(S)

**PROOF OF SERVICE**

I, __JOSEPH SLOVINEC__, do swear or declare that on this date, _____, 20_06_, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.  4 PM - UNION STATION

The names and addresses of those served are as follows:
CRAIG LAWRENCE
US ATTORNEY, SW 3rd ST, NW
BY NAM

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___AUG 30___, 20_0_

_____
(Sign)

APPENDIX
CASE 06-1143
MAJ 2.2M7

MEMORANDUM

TO: MR. WILLIAM SUTER, CLERK OF U.S. SUPREME COURT

C/O: S. ELLIOTT                                *Joseph Slovinec*

FROM: JOSEPH SLOVINEC, 425 2ND ST., N.W., WASHINGTON, D.C. 20001

MARCH 26, 2007  *Postponed for May 2 delivery to Supreme Court*

    The attached receipt indicates the U.S. Supreme Court Police Office received my filing of the Slovinec v. Muncie, as agent of U.S. Dept. of Education, case on August 30. 2006 which includes evidence of hearing and rehearing of U.S. Court of Appeals Case 05-5372. This proves an error in Mr. Suter's letter of a few weeks ago which claims the case was never heard in U.S. Court of Appeals. Please correct your records with respectability.

    This letter will be provided to American University's attorney in U.S. District Court Case 06-1143, Christopher Hassell of Bonner Kiernan in D.C. who sent a request on information on my pending and recent lawsuits. It is still important for American U. to review issues in the January 2005 federal student loan deferment from Sallie Mae which American U. requested for me and seeming contradiction in the June 22, 2005 letter from Muncie which indicates a deferment was not processed: she declared a default. D.C. Police will be alerted on interference with retention of Mr. Hassell's papers. Thank you.

APPENDIX D
06-1143, SLOVINEC V AMERICAN U.
To JUDGE KESSLER
MAY 2, 2007