# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH SLOVINEC,        )
                                )
     Plaintiff,           )
                                )
     v.                  )     **Civil Action No. 06-1143**
                                )     **Judge Kessler**
AMERICAN UNIVERSITY    )
                                )
     Defendant.       )
                                )

## DEFENDANT AMERICAN UNIVERSITY'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, AMERICAN UNIVERSITY ("Defendant"), by and through

counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, pursuant to Rule 56(b) of the

Federal Rules of Civil Procedure, and hereby moves this Court to enter summary judgment in its

favor.    As grounds for this motion, Defendant refers this Court to the accompanying

Memorandum of Points and Authorities, which is incorporated herein by reference.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

 /s/ Christopher E. Hassell
Christopher E. Hassell, Esq., #291641
Christine S. Ramapuram, Esq. #492391
1233 20th Street, N.W., Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (fax)
**Counsel for Defendant American University**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Defendant American University's Motion for Summary Judgment, Memorandum of Points & Authorities*, and proposed *Order* was served *via* electronic mail, this 6th day of September, 2007 to:

Joseph Slovinec
425 Second Street, N.W.
Washington, D.C. 20001
Plaintiff *pro se*

/s/ Christopher E. Hassell
Christopher E. Hassell

171403-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH SLOVINEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1143 |
| | ) | Judge Kessler |
| AMERICAN UNIVERSITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT GENUINELY IN DISPUTE

Defendant American University hereby submits the following Statement of Material

Facts Not in Genuine Dispute:

1.     Plaintiff has filed suit against Defendant American University alleging that

Defendant violated his First Amendment rights and defamed him by issuing a Barring Notice.

(*See generally*, Complaint.)[1]

2.     The Barring Notice provides that Plaintiff "is officially barred from Main Campus

and University Shuttle of the American University" from May 17, 2005 through May 17, 2006.

(See Exhibit A, Barring Notice.)

3.     The Barring Notice does not contain any statements about Plaintiff, aside from

the fact that he is barred from the campus.  (See Ex. A.)

4.     American University is a private institution.  (See Exhibit B, Affidavit of Michael

McNair, ¶ 2.)

---

[1] The Complaint consists of lengthy, single-spaced paragraphs which contain multiple, incoherent allegations against many individuals.  Upon consideration of Defendant's Motion to Dismiss, the Court found that Plaintiff had articulated a challenge to the Barring Order on the grounds that it violated his First Amendment rights and on the grounds that the issuance and distribution of the Barring Order constituted defamation. The remainder of Plaintiff's claims were dismissed.  *See* Judge Kessler's November 2, 2006 Order.

171403-1

5.    The Barring Notice was issued because Plaintiff had engaged in disruptive activity at various American University offices.  (See Ex. B, ¶ 4.)

Dated this 6th day of September, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**


 /s/ Christopher E. Hassell
Christopher E. Hassell, Esq., #291641
Christine S. Ramapuram, Esq. #492391
1233 20th Street, N.W., Suite 800
Washington, DC  20036
(202) 712-7000
(202) 712-7100 (fax)
**Counsel for Defendant American University**

4

171403-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH SLOVINEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1143 |
| | ) | Judge Kessler |
| AMERICAN UNIVERSITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN UNIVERSITY'S
MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, AMERICAN UNIVERSITY (hereinafter the "University"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and hereby submits the following memorandum of points and authorities in support of its Motion for Summary Judgment.

## I.    FACTUAL BACKGROUND

Plaintiff filed his Complaint against Defendant American University on or about May 16, 2006. In response, the University filed a Motion to Dismiss on the grounds that the Complaint was vague, incomprehensible and failed to allege any claims or facts that could support a cognizable cause of action against the University. On November 2, 2006, this Court entered an Order permitting Plaintiff to proceed on his First Amendment and defamation challenges to a barring order issued by the University, and dismissing the remainder of Plaintiff's claims.

As Plaintiff cannot establish a *prima facie* case for his First Amendment or defamation claims, Defendant American University files the instant Motion for Summary Judgment. The

University is a private educational institution, and the constitutional protections embodied in the First Amendment are not applicable to its actions. Therefore, Plaintiff will never hold a legally cognizable First Amendment claim against the University. Furthermore, Plaintiff's defamation claim should fail because he cannot establish that the University made any false or defamatory statement, that the University negligently published the Barring Notice without privilege, or that the Barring Notice was actionable as a matter of law or caused special harm to the Plaintiff. Accordingly, Defendant American University requests this Court to grant its Motion for Summary Judgment and dismiss Plaintiff's claims in their entirety.

## II.   ARGUMENT

Defendant American University is entitled to judgment as a matter of law because Plaintiff cannot establish a *prima facie* case for either of his claims. Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment in favor of a defendant is properly granted upon the showing of a lack of evidence to support the plaintiff's *prima facie* case. *Id.* at 325. "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-323.

Here, summary judgment should be granted for Defendant American University because Plaintiff cannot 1) establish that the University impermissibly infringed upon his First

171403-1

Amendment rights or 2) establish any evidence to support his claim that the Barring Notice was defamatory.

### A.    The University is not Subject to the Strictures of the First Amendment because it is a Private Actor.

Plaintiff's claim that the University violated his First Amendment rights cannot be sustained because the University is a private educational institution and therefore the constitutional protections embodied in the First Amendment are not applicable to regulate its actions.  Pursuant to the First Amendment of the U.S. Constitution, "Congress shall make no law . . . abridging the freedom of speech."  The Fourteenth Amendment of the U.S. Constitution extends the protections afforded in the First Amendment to the states.   Generally, the Constitution only places limitations on actions taken by governmental entities, and not on those taken by private persons.  *See Greenya v. George Washington University*, 512 F.2d 556, 559 (D.C. Cir. 1975).   Accordingly, "[a]ll analysis of constitutional rights must begin with a recognition that the Constitution, with rare exceptions, is a declaration of the powers, duties, and limitations of the Federal Government and the States."  *Id.*  Here, Plaintiff's constitutional claims must fail because American University is a private institution and is therefore not subject to the limitations imposed by the First Amendment.

American University is a private university operating in the District of Columbia.  (See Exhibit B, Affidavit of Michael McNair, ¶ 2.)  As a private educational institution, the University is not subject to the strictures of the First Amendment unless Plaintiff can demonstrate that it has sufficient governmental involvement to make it a governmental entity for constitutional purposes. *Id.* at 559-560.  Plaintiff has failed to make any such showing.  Within his Complaint and his numerous filings with the court, Plaintiff has not adduced any evidence that the Federal

Government exercises any direction, supervision or control over the University. Moreover, it is well-established that the mere contribution of federal funds is insufficient to show the exercise of influence on University decision-making or the encouragement of specific policies necessary for a finding of governmental action. *Id.* at 560; *see also Spark v. Catholic University of America*, 510 F.2d 1277, 1282 (1975) ("The fact that the Federal Government contributes funds to the University, by itself, is insufficient to show the exercise of influence on University decision-making or the encouragement of specific policies."); *see also Williams v. Howard University*, 528 F.2d 658, 660 (1976). Accordingly, as Plaintiff has failed to establish that the government has sufficient involvement in the University to make it a governmental actor, the University is not subject to the limitations of the First Amendment and Plaintiff's claims should be dismissed.

**B.    Plaintiff has Failed to Establish that the Barring Notice was Defamatory.**

Plaintiff's defamation claim should be dismissed because Plaintiff cannot make the requisite showing to establish that the Barring Notice was defamatory. To prevail on his defamation claim, Plaintiff must show 1) that the University made a false and defamatory statement concerning Plaintiff; 2) that the University published the statement without privilege to a third party; 3) that the University's fault in publishing the statement amounted to at least negligence; and 4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. *Mastro v. Potomac Electric Power Co.*, 447 F.3d 843, 858 (2006). Here, Plaintiff's claims must fail because he cannot establish that the University made any false and defamatory statement, that the University negligently published the Barring Notice without privilege, or that the Barring Notice was actionable as a matter of law or caused special harm to Plaintiff.

Plaintiff cannot prevail on his defamation claim because the Barring Notice did not contain any defamatory and false statements. Indeed, the Barring Notice did not contain any statements about the plaintiff whatsoever. The notice merely states that Plaintiff "is officially barred from Main Campus and University Shuttle of the American University." (*See* Ex. A.) More importantly, the Barring Notice did not contain any false statements because it was true that Plaintiff was being barred from the University. Truth is a complete defense to defamation. *Moldea v. New York Times Co.*, 15 F.3d 1137, 1142 (D.C. Cir. 1994) (*citations omitted*). Furthermore, Plaintiff's defamation claim must fail because the Barring Notice did not convey a defamatory meaning. "Under District of Columbia law, a statement is defamatory 'if it tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community.'" *Id (citations omitted)*. The issue of whether a statement is "capable of conveying a defamatory meaning" is a question of law for the court's determination. *Id*. This inquiry "focuses only on whether a reasonable reader could understand a statement as tending to injure a plaintiff's reputation." *Id*. As the Barring Notice does not contain any explanation as to why Plaintiff was being barred, it could not possibly be considered defamatory by a reasonable reader. *Id*. Accordingly, because the Barring Notice was not defamatory and false and did not convey a defamatory meaning, Plaintiff's defamation claim cannot survive summary judgment.

Plaintiff also cannot succeed on his defamation claim because the statements contained within the Barring Notice are protected under the common interest privilege. The common interest privilege protects defamatory statements which are made "1) in good faith, 2) on a subject in which the party communicating has an interest, or in reference to which he has, or honesty believes he has, a duty to a person having a corresponding interest or duty, 3) to a person who has such a corresponding interest." *Mastro* 447 F.3d at 858 (*quoting Moss v. Stockard*, 580

5

A.2d 1011, 1024 (D.C. 1990)). Here, the Barring Notice was issued because of Plaintiff's disruptive activity at various university offices. (See Ex. B, ¶ 4.) The University was understandably concerned about Plaintiff's unpredictable behavior and had a duty to protect its students and employees from reasonably foreseeable dangers. Accordingly, in good faith, the University deemed it prudent to bar Plaintiff from campus and to forward the Barring Notice to security personnel and other administrators on the campus who had a corresponding duty to protect the University's students and employees. (See Ex. B, ¶ 5-6) The Barring Notice was not distributed to students or posted in public view. (See Ex. B, ¶ 6) The primary purpose behind the Barring Notice was not to injure Plaintiff's reputation, but to ensure the safety of the University community. (See Ex. B, ¶ 7.) *See Mastro*, 447 F.3d at 859. Accordingly, any allegedly defamatory statement in the Barring Notice falls within the common interest privilege and Plaintiff's defamation claim must fail.

Finally, Plaintiff's defamation claim must fail because the Barring Notice was not actionable as a matter of law and did not cause any special harm to Plaintiff. As a private institution, the University has a right to bar disruptive individuals from its campus. The Barring Notice is a legal means of accomplishing this and is therefore not actionable as a matter of law. Moreover, Plaintiff has failed to offer proof of any special harm incurred as a result of the Barring Notice. Accordingly, Plaintiff's defamation claim must fail because the Barring Notice was not false or defamatory, it is protected by the common interest privilege, it is not actionable as a matter of law, and it did not cause any special harm to Plaintiff.

171403-1

## III.    CONCLUSION

WHEREFORE, based on the foregoing and for other good cause shown, Defendant American University respectfully requests this Honorable Court enter an Order granting its Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice.

Dated this 6th day of September, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

  /s/ Christopher E. Hassell
Christopher E. Hassell, Esq., #291641
Christine S. Ramapuram, Esq. #492391
1233 20th Street, N.W., Suite 800
Washington, DC  20036
(202) 712-7000
(202) 712-7100 (fax)
**Counsel for Defendant American University**

7