IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
   Plaintiff,
   vs.
American University,
   Defendant

06-1143
(gk) Judge Kessler

## MEMO OF UPDATE ON PARALLELISM: ISSUES BEFORE U.S. DISTRICT COURT AND D.C. SUPERIOR COURT

1. Plaintiff Joseph Slovinec respectfully notifies Judge Kessler he conferred with D.C. Superior Court Judge Lynn Leibowitz on D.C. Superior Court Case 2007 CA 4325 on September 28, 2007 and files this in accordance with his obligations for informed decisions on parallelism under *U.S. ex.rel, Hartigan v. Palumbo Bros.*, 797 F.Supp. 624 (N.D. Ill. 1992), *Colorado River* 424 U.S. 800 (1976): this identical document is filed before Judge Leibowitz as Appendix A to D.C. Superior Court Case 07-4325, Request for Court to Discontinue Talk of Dismissing Case on Alleged Lack of Proper Service: Opposiiton to Dismissing Action since Plaintiff Properly Requested this (D.C. Superior) Court Consider Issues of 2007 Barring Order and class attendance. Judge Leibowitz asked an intelligent question about which cases dealt with 2005, 2006, and 2007 barring orders. The May 2005 barring order was listed in the original U.S. District Court 06-455 case within intent to discuss harassment or retaliation for asking April Hornung of Human Resources for information on how to file an employment discrimination complaint: 06-455 is an EEOC age discrimination case. In Case 06-455, Item 13, a pleading of May 26, 2006, says J. Slovinec "will ask court to overrule" or "end it": the barring order as a remedy or post-trial issue for mostly employment reasons.. Mr. Hassell already gave Judge Leibowitz a copy of the 2006 CA 003812 D.C. Superior Court defamation case (no hearing before Judge Greene was held) where Mr. Hassell insisted on a June 22, 2006, notice of removal of the case to federal court since it had allegations of violations of 1st, 5th, and 14th Amendment rights: it became U.S. District Court Case 06-1143. J. Slovinec did not write a formal federal complaint in 06-1143 after its removal. Case 07-4325 only covers the 2007 barring order with a lack of formal federal court jurisdiction like the 2005 and 2006 barring orders in Case 06-455 and Case 06-1143: Judge Kessler has not expressed a differing opinion when she received two notices from J. Slovinec of his filing of D.C. Superior Court Case 07-4325 in U.S. District Court Case 06-1143 in Item 34 of June 26, 2007 and Item 40 of Sept. 24, 2007 with talk of sanctions. 07-4325 is limited to only issues of class attendance and whether American U. would allow J. Slovinec to attend classes to end his dependency on food stamps, an overlapping federal and D.C. issue, since he was never admitted to a program elsewhere in D.C.: he needs support to end unemployment since June 21, 2007, under D.C. Homeless Services Reform Act (for own employment and education plan), U.S. Welfare Reform Act with concurrent jurisdiction on jobs programs. Only Judge Kessler could discuss a potential return to Chicago, Illinois for school for J. Slovinec, an option in September 2007.

2. Both courts are respectfully informed of J. Slovinec's uses of these factors in *Ibid.* of above citation in *U.S. ex. rel. Hartigan v. Palumbo Bros.* case:\

2) "Inconvenience of federal forum". The U.S. District Court has retained 06-1143 for one year and 4 months with no orders to conduct discovery after J. Slovinec won against a Motion to Dismiss. By October 12, 2007, J. Slovinec will respond to Mr. Hassell's second Motion to Dismiss in 06-1143 which is viewed as malicious and redundant of earlier arguments: it is an improper attempt at summary judgment where there are disputes on issues of material fact including use of only a McNair affidavit with no discovery of J. Slovinec's visits which were not disruptive activities in Item 8 in 06-1143, Definite Statement of July 19, 2006 to Mr. Kumar, C. Trybulec, Darryl Cook of Financial Accounts, Financial Aid (with no conversation) where J. Slovinec had legal right to see file, and Amanda Taylor of School of International Service who was not in when J. Slovinec had legal rights to see file under FERPA since he attended classes and was enrolled. The barring order was intended to protect staff and financial profits of American U. and McNair and Hassell misleadingly claims the main purpose was to protect students.
4) "Order in which jurisdiction was obtained": Judge Leibowitz could rule either way after reading above issues.
5) "Source of governing law": J. Slovinec's view is that McNair cited D.C. Code 22-3302 and misleadingly implied J. Slovinec was demonstrating or arguing with staff which interfered with operation of offices; Mr.Hassell's view on removal was on alleged 1st and 14th Amendment violations to U.S. Constitution.
7) "Relative progress of state and federal proceeding". Judge Leibowitz held a hearing in September 2007 and J. Slovinec asks Mr. Hassell to consider voluntary acceptance of her court's mediation program to discuss issues of completion of J. Slovinec's Graduate Certificate in Peacebuilding, an update of his earlier Master's Degree in International Affairs at Columbia University which should not count for less weight than a law, medical, or M.B.A. degree: at American U. J. Slovinec was taught by Professor Susan Nan of the Carter Center, a younger woman now at George Mason, and Professor Ronald Fisher who would have less tensions before Judge Leibowitz than more formal proceedings before Judge Kessler. J. Slovinec respectfully notes Judge Kessler has an overburdened schedule with real Guantanamo Bay detainees when J. Slovinec only feels like a detainee after two years in the CCNV homeless shelter on food stamps. Judge Kessler declined to hold a status hearing on 06-1143 in a September 2007 memo where she responded ten months later to refuse J. Slovinec's Dec. 2006 discovery scheduling request. J. SLOVINEC HAS DOUBTS AN 06-1143 TRIAL WILL BE HELD BY MAY 2008, THE LAST YEAR WHERE J. SLOVINEC CAN FINISH MAY 2008-SUMMER INSTITUTE 2008 CLASSES FROM RONALD FISHER'S 2005-2008 ADMISSIONS OFFER FOR PEACEBUILDING. J. Slovinec has skepticism on Mr. Hassell's claims to Judge Leibowitz's court on July 5, 2007 that harm could be redressed with attendance of classes at a later date, an employee privilege only if he wins 06-455 with compelled employment, or monetary damages. No discovery was held on probable conservative hostility to J. Slovinec's attendance of Peacebuilding program with controversies with radicals on Palestinians, Colombia's talks with FARC rebels, and other issues: Fisher did not understand J. Slovinec's previous expertise in Europe and desire for advice on a job search about peacebuilding there or research on other topics. Perhaps someone else at American U. could help advise Fisher on J. Slovinec's job search.
JUDGE LEIBOWITZ SEEMS TO HAVE AN EASIER SCHEDULE TO SUPERVISE LEGAL WRITING OF ARIEL GRAYSON OR CHRISTOPHER HASSELL: SEVERAL

JUDGE LEIBOWITZ SEEMS TO HAVE AN EASIER SCHEDULE TO SUPERVISE LEGAL WRITING OF ARIEL GRAYSON OR CHRISTOPHER HASSELL: SEVERAL CORRECTIONS ARE NEEDED TO AVOID SANCTIONS
2. Plaintiff Joseph Slovinec has a moral obligation to inform Judge Kessler that a tape recording of the hearing before Judge Leibowitz would reveal J. Slovinec accused Christopher Hassell of erroneous material or material which is designed to mislead the court: J. Slovinec specifically mentioned Mr. Hassell's misrepresentation or omission of material fact, the existence of an American University anti-harassment policy which supports" free expression" on campus: J. Slovinec maintains free expression is the same as First Amendment's free speech so it is untrue or grounds for Fed.R.Civ.P. 11 sanctions when Mr. Hassell entered a false defense in Case 06-1143, Item 24, for a second time in Item 37, Motion for Summary Judgment of Sept. 6, 2007, "Defendant (American University) denies First Amendment is applicable" to its "actions".. J. Slovinec resided in Chicago, Illinois from 1989 to 2004 to an apartment and was subjected to many inconveniences and poverty (incomes of zero in 2005, $2700 in 2006, and $4000 in 2007 before a June 21, 2007 layoff the day he left a taped message on Dean Goodman's answering machine) after he moved in 2005 from Chicago to American U.'s dorm, the Park Bethesda in Bethesda, . Maryland at American U.'s invitation and with claims American U. was willing to help J. Slovinec use its job placement office. There was no progress in J. Slovinec's Feb. 2007 idea for Mayor Fenty to confer with American U., University of District of Columbia/Van Ness, Professor Nan, and 2 past employers for ideas for school or work programs to end his dependency on food stamps for past 2 years and 2 months since August 2005.
Mr. Hassell entered several false or erroneous statements in a July 5, 2007 memo in Case 07-4325 before Judge Leibowitz which conflicted with American University's website and information on J. Slovinec's admission from American U. Legal Counsel Hisham Khalid on campus:
Balance of hardships on P. 1 - Hassell seeks to mislead the court into believing the balance of hardships is in American U.'s favor: American U. is an extremely wealthy university with $4 million in investment income (See American U. website on budget), J. Slovinec has less than $100 in bank and income was zero in 2005, $2700 in 2006, and about $4000 before a June 21, 2007 layoff ( this does not include only $11 per day in unemployment insurance since then). A similar or identical statement can cause sanctions in federal court: The D.C. case could get removed to Judge Kessler's jurisdiction by Judge Leibowitz who considers Mr. Hassell's motion to dismiss 07-4325 for redundancy with federal issues. .
Hassell falsely said J. Slovinec was not admitted to Graduate Certificate in Peacebuilding , p. 5 of 7/5/07: J. Slovinec "has not been admitted" for "class."Admission
Financial aid - American U. has Cafritz, Morgenstern, and Skaskan emergency loans and would not give them to J. Slovinec with indirect refusals in 2005: Republican-leaning types at American U. are extremely hostile to giving J. Slovinec any financial aid like most students despite earlier notices on his poverty: the American U. website said "limited number of tuition-based scholarships are available" for Summer Institute for Peacebuilding and Development which is required for Graduate Certificate in Peacebuilding at School of International Service: Hassell tells court this is impossible and repeats Herbert Hoover-type demands of American U. Legal Counsel Justin Perillo that J. Slovinec pay bill out of nonexistent personal funds or gain a donation, probably from a

3

prominent Democrat which is improper pressure from Republican-leaning Defense Dept. and CIA types who have been influencing Ronald Fisher who does not like to assign readings to help Illinois residents or teachers understand Iraq and Kuwait. Fisher tried to demand J. Slovinec pay Spring 2005 tuition in a Labor Day 2005 e-mail after J. Slovinec told him he was in the CCNV homeless shelter with less than $60 in the bank: J. Slovinec suspected he was admitted to American U. in a blundering scheme to get money from Chicago's North Side Democratic Party wealthy donors who do not know Fisher and want someone with more specific advice on how Democrats in Congress could work to end the Iraq war. J. Slovinec senses American U. discrimination against him as a Democrat. American U. cancelled J. Slovinec's 2005 classes and J. Slovinec did not seek their reinstatement: cancellation is usually accompanied by a tuition refund in the catalog. J. Slovinec had irritations and a rapid heartbeat and only might have time to write more for Judge Leibowitz before October 9, 2007: Most issues are overlapping.

PROOF OF SERVICE: In U.S. mail to: Ariel Grayson and Christopher Hassell, Bonner Kiernan, 1233 20th St., N.W., Washington, D.C. 20036
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 October 4, 2007

*Joseph Slovinec* [signature]