IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,

    Plaintiff,

Vs.

American University,

    Defendant

06-1143

(gk) Judge Kessler

RECEIVED OCT 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLEADING TO REQUEST COURT TO REFUSE AND DENY AMERICAN UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff Joseph Slovinec respectfully motions the court to refuse and deny American University's Motion for Summary Judgment. It is merely similar in its purpose and reasoning to the earlier Motion to Dismiss of American U. which the court denied.

2. A Motion for Summary Judgment is only properly used when there is no dispute as to genuine issues of material fact. Among several tactics which Mr. Hassell used which are on the brink or borderline of deception, Mr. Hassell is trying to influence the court to only read a Barring Order which omits D.C. Code 22-3302 and omits a material fact: that Michael McNair sent an accompanying letter of May 2005: "you have been barred from American University (AU) Main Campus and the University Shuttle Services effective 5-17-05 for disruptive activity at various university offices..If you are found on American University campus or shuttle bus, you will be subject to arrest and charged with Unlawful Entry under Section 22-3302 of the DC code" which could get a six-month prison term. McNair stated or implied J. Slovinec had already violated D.C. Code 22-3302 and J. Slovinec says this was untrue when he distributed letters on matters of public concern which were protected speech under First Amendment.

3. Plaintiff met a test of defamation under the *White v. Fraternal Order of Police* case 909 F2d 512 (D.C. Cir. 1990): Maurice Carter's arrest request like "Fraternal Order of Police letters" which "go beyond merely reporting materially" facts and it was "reasonable for reader to impute defamatory meaning to the letters" : the White case adds "publication " has "defamatory meaning if it tends to lower plaintiff in estimation of substantial, respectable group even though group is minority of total community or plaintiff's associates" : it was enough for defamation for McNair to notify Benjamin Bishop, William Esper of the Legal Counsel who received J. Slovinec's complaint about receiving a note in his mailbox from Deborah Allen, a deputy to Illinois Attorney General James Ryan who also worked for Lisa Madigan, and Allen was accused of dishonest tactics like unconstitutionally citing sovereign immunity which was abolished in 1970 Constitution, saying J. Slovinec sued Il. Dept. of Public Health whose records supported J. Slovinec's story he made no nursing home inspections, and falsely saying a 2002 lawsuit was not filed without one year of Brian Reynolds' defamation, Leslie Wong, and President Ladner when he also notified Brenda Harner, not on the written list, who told J. Slovinec barring had forbidden her from any American U. job interviews for plaintiff: this was actually enough to

support the definition of defamation as McNair's false accusation of disruptive activities in accord with *Moldea v. New York Times Co.*, 15 F.3d 1137, 1142 (D.C. Cir. 1994): "Under District of Columbia law, a statement is defamatory 'if it tends to injure plaintiff in his trade, profession, or community standing, or lower him in the estimation of the community." The court should deny the Motion for Summary Judgment because two false and defamatory statements are made in it; by lawyer Christopher Hassell :"5. The barring notice was issued because Plaintiff had engaged in disruptive activity at various American University offices" on p. 4 of Memo of Points and Authorities and in the McNair affidavit, "4. The Barring Notice was issued because Plaintiff had engaged in disruptive activity as various university offices." J. Slovinec disagrees with Mr. Hassell and maintains J. Slovinec's legal position agrees with these factors in the Mastro case: "3) that the University's fault in publishing the statement amounted to at least negligence; and 4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. (Hassell's citation on P. 4 of) *Mastro v. Potomac Electric Co.*, 447 F.3d 843, 858 (2006)." Please see next paragraph which proves George Washington U. barring order was also actionable. Plaintiff has evidence of American University's continued negligence because McNair and Maurice Carter issued barring orders three years in a row without any review of evidence, and with malice and reckless disregard of truthfulness in Mastro standards Ibid. at 846-847 genuine issues of material fact in Fed.R.Civ.P. 56, of all visits to university offices J. Slovinec made on May 17, 2005 in D. Facts Supporting Plaintiff's Claim in 2006 CA 003812 which Mr. Hassell wanted removed to this court: "Mr. Kumar of Mediation Services who desires privacy, although he indicated he could not do anything after semester ended since he felt his role would have been to ease tensions if Dr. Fisher's group had friction in turning in work", Carrie Trybulec of International Peace and Conflict Resolution, and "Darryl Cook of Financial Accounts politely told Plaintiff his unpaid Spring Tuition 2005 bill could be paid with somewhat late loan or by remission of tuition with American University's permission": American U. was required by law to show Plaintiff records in three other offices he visited: April Horning of Human Resources who J. Slovinec asked on filing discrimination complaint, "Amanda Taylor was not in and was accused of violating FERPA in federal court", an issue American U. Legal Counsel Justin Perillo settled at last minute before U.S Supreme Court hearing in 06-6254, and Financial Aid which earlier claimed support for a $14,000 loan which J. Slovinec did not receive, and he later received outrageous demands to pay money from own pocket when he had less than $61 in bank. These were matters of public concern and protected speech like First Amendment rights of professor who complained about grade fraud, *Powell v. Gallantine*, 992 F2d 1088 (10th Cir. 1992) with no actual disruption of university services (like arguing, lying down on pavement). The barring order was issued for so-called protections of employees who did not want to show files according to requirements of law, not students.

4. It is false to say a barring order is not actionable before a court and Judge Kessler could view this as a cause for Rule 11 sanctions: it was actionable in the Jordan Nott v. George Washington University case D.C. Superior Court Civil Case No. 05-0803 before Judge Anne Blackburne-Rigsby where GWU applied Residential Community Conduct Guideline RCCC #8. Mr. Hassell excessively uses 1975 cases like the Greenya case which says receiving of financial aid does not determine

2

First Amendment policies. McNair's barring meant J. Slovinec was unfit to visit anyone on campus and too behaviorally dangerous to talk to anyone at American U.. Indeed, J. Slovinec only had hypertension of 188/110 before McNair excluded him from seeing campus nurse, and was mentally alert, yet he had similar complaints to the barring order like Nott did in his case:

1. If he came onto campus for any reason, Nott would be considered a trespasser and "could be arrested".
2. Nott was barred from visiting friends ,"away from friends and support system", and attending public events on campus. D.C. Human Rights Act was issue under 2-1401.01 which includes private universities: also Fair Housing under 42 U.S.C. 3604.
3. Nott was excluded from classes. Nott "feared he ruined life and academic career". After Summer 2005, J. Slovinec could not return to school in Chicago with a Republican politically motivated loan default of Mary Muncie of June 22, 2005 which the barring order could have caused: its main cause was distributing a letter of complaint to Spellings including no access to homeless shelters in Maryland after Julie Weber's eviction threat: after eviction, J. Slovinec suffered negative social stigma with two years on food stamps as a white minority resident of mostly black CCNV homeless shelter with income of zero in 2005, $2700 in $2006, and about $4000 in 2007 before layoff.
4. Others on list were "barred due to sexual assault, physical abuse, destruction of property, and theft". Nott could not meet with university personnel to "discuss situation and options". American U.'s main objectives include Central Intelligence Agency and J. Slovinec believes he was discriminated against because he was an Illinois Democrat when he asked American U. for emergency loans and received no response: this could be D.C. Human Rights Act violation. American U., is a private institution. If J. Slovinec could persuade judge he was not interfering with "orderly control of business" at American U. , he could ask for court order to end barring like television reporter in *Westinghouse Broadcasting v. Dukakis*, 409 F.Supp. 895. If there is not a demonstration like the blocking of Karl Rove's car (see Washington Post Aug. 31, 2007 p. B01), American U. usually lets the public and most visitors on campus and when demonstrators were charged in court, D.C. Attorney General Linda Singer's spokesperson Melissa Merz still said D.C. will "support people's constitutional right to protest" "within context of following law enforcement directions". D.C. has an ordinance against excessive severity in using force during arrests which J. Slovinec cited to D.C. Superior Court Judge Leibowitz. American U. usually had an invitation to public to use property like the court ruled with a balance between individual expression and property rights on New Jersey's university or universities in *State v. Schmid*, 84 N.J. 535 (1984) which is believed to cover Princeton: MR. HASSELL IS WARNED HE COULD RECEIVE A REQUEST FOR RULE 11 SANCTIONS UNLESS HE CEASES INACCURATE REPRESENTATIONS TO THE COURT ABOUT AMERICAN U.'S SUPPORT OF "FREE EXPRESSION" in its anti-discrimination policy: it is false for Hassell to claim on p. 2 "the constitutional protections embodied in the First Amendment are not applicable to its actions". P. 3 of 3 PROOF OF SERVICE: TO: Christopher Hassell, Christine Ramapuram, Ariel Grayson, Bonner Kiernan, 1233 20th St., N.W., Washington, D.C. 20036 *Joseph Slovinec*

Joseph Slovinec, 425 2nd St., .N.W., Washington, D.C. 20001 Oct. 10, 2007

*APPENDIX A*
*OC SUPERIOR COURT*
*5/10/2006*

# AMERICAN UNIVERSITY

PUBLIC SAFETY

American University
Public Safety - Office of the Chief
4400 Massachusetts Avenue, NW
Washington DC 20016

Joseph Slovinec
5325 Westbard Avenue
Apartment 205A
Bethesda, MD 20816

Mr. Slovinec,

This letter is to advise you that you have been barred from American University (AU) Main Campus and the University Shuttle Services effective 05-17-2005 for disruptive activity at various university offices. The University reserves the right to deny access to the property and services at its discretion. If you are found on American University campus or shuttle bus, you will be subject to arrest and charged with Unlawful Entry under Section 22-3302 of the DC Code.

Any person who has received a University Barring Notice may file a written request to have the barring notice reviewed. This appeal must be filed with the Director of Public Safety not later than fifteen (15) calendar days after the Barring Notice was issued. If an appeal is not filed within this time, the Barring Notice is deemed final.

Regards,

*Micheal McNair*

Micheal McNair
Chief of Police – Director
Public Safety Office of the Chief

(A) 10/10/07


# American University

RISK MANAGEMENT & SAFETY SERVICES
PUBLIC SAFETY

## BARRING NOTICE
### CASE NUMBER: 050425

NAME: **Joseph Slovinec**

IS OFFICIALLY BARRED FROM

**Main Campus and University Shuttle**

OF THE AMERICAN UNIVERSITY

BARRING EFFECTIVE FROM **05/17/2005** THROUGH **05/17/2008**



SHOULD THE ABOVE NAMED SUBJECT RETURN, THE SUBJECT WILL BE ARRESTED AND CHARGED WITH UNLAWFUL ENTRY, UNDER 22-3302 OF THE DC CODE.

SUBJECT: _Joseph Slovenic_

SUPERVISOR: _[signature] 005_

WITNESS: _____

DATE: 05/17/2005          TIME: 12:00:00 PM

Any person who has received a University Barring Notice may file a written request to have the Barring Notice reviewed. This appeal must be filed with the Director of Public Safety not later than fifteen (15) calendar days after the Barring Notice was issued. If an appeal is not filed within this time, the Barring Notice is deemed final.

Public Safety Building / 4400 Massachusetts Avenue NW / Washington, DC / 20016

