IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH SLOVINEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1143 |
| | ) | Judge Kessler |
| AMERICAN UNIVERSITY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT AMERICAN UNIVERSITY'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant, AMERICAN UNIVERSITY (hereinafter the "University"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and hereby submits the following Reply in support of its Motion for Summary Judgment:

**A.   The University's Motion for Summary Judgment Should be Granted
      as Plaintiff Failed to List any Material Facts in Genuine Dispute.**

The University's Motion for Summary Judgment should be granted as Plaintiff has failed to dispute any of the material facts set forth in the University's motion. Pursuant to Local Civil Rule 56.1, an opposition to a motion for summary judgment must include a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *See* Local Civil Rule 56.1. Moreover, "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Here, Plaintiff's "Pleading to Request Court to Refuse and Deny American University's Motion for Summary Judgment" (hereinafter "Plaintiff's Opposition") fails to

set forth any genuine issues or material facts in dispute. Accordingly, pursuant to Rule 56.1, this Court should assume that the University's statement of material facts is admitted.

As the University's statement of material facts is deemed admitted, Plaintiff's claims must fail as a matter of law because he cannot establish that the University violated his First Amendment rights or that the Barring Notice was defamatory. Plaintiff has admitted that the University is a private institution. (*See* Defendant's Motion for Summary Judgment, Statement of Material Facts Not Genuinely in Dispute, at ¶ 4.) Since Plaintiff's Opposition fails to establish any applicable exception to the rule that the First Amendment does not apply to private actors, Plaintiff's constitutional challenge must fail. As for his defamation claim, Plaintiff admits that the Barring Notice does not contain any statements about Plaintiff, except that he was barred from campus. (*Id.* at 3.) This is a true statement and therefore cannot constitute defamation. Moreover, through his failure to dispute Defendant's Statement of Material Facts Not Genuinely in Dispute, Plaintiff has admitted that the Barring Notice was issued because he engaged in disruptive activity at various University offices. (*Id.* at 5.) As such, any alleged defamation falls within the common interest privilege and is not actionable. Consequently, the University's Motion for Summary Judgment should be granted and Plaintiff's Complaint should be dismissed with prejudice.

**B.     Plaintiff's Opposition Fails to Establish that the First Amendment
         is Applicable to the University's Alleged Actions.**

It is undisputed that the University is a private educational institution. (*Id.* at 4.) Plaintiff's Opposition fails to allege any governmental involvement which would equate the University to a governmental entity for constitutional purposes. Moreover, the fact that the University maintains an anti-discrimination policy does not make it subject to the confines of the First Amendment. Accordingly, the constitutional limitations of the First Amendment are not applicable to the

University's issuance of the Barring Notice at issue in this matter. *See Greenya v. George Washington University*, 512 F.2d 556, 559 (D.C. Cir. 1975). As such, Plaintiff's constitutional claim must fail.

**C.    Plaintiff's Opposition Fails to Establish any Defamation.**

Plaintiff admits that the Barring Notice did not contain any defamatory statements. (*See* Defendant's Motion for Summary Judgment, Statement of Material Facts Not Genuinely in Dispute, at ¶ 4.) Accordingly, Plaintiff admits that the Barring Notice is not actionable. Instead, Plaintiff asserts that the cover letter accompanying the copy of the Barring Notice, which was forwarded solely to Plaintiff, was defamatory. This is manifestly incorrect. The cover letter does not contain any defamatory statements. (See Exhibit A, Correspondence to Plaintiff.) It merely states that Plaintiff has been barred from the University "for disruptive activity at various university offices." (*Id.*) This was true, and therefore not defamatory. (*See* McNair Affidavit at ¶ 4, attached as Exhibit B to Defendant's Motion for Summary Judgment.) While Plaintiff asserts he was defamed by the false implications arising from the statement that he engaged in disruptive activities, this is insufficient to save Plaintiff's claim because he has failed to establish that he was not disruptive. Plaintiff's conclusory allegations alone are insufficient to survive summary judgment. *See District Intown Properties, Ltd. Partnership v. District of Columbia*, 198 F.3d 874, 878 (citations omitted). Accordingly, as Plaintiff failed to establish that the statement that he engaged in disruptive activities was false, Plaintiff is unable to establish that the cover letter was defamatory.

Even assuming, *arguendo*, that Plaintiff could establish that the cover letter was defamatory, Plaintiff's claim would still fail because the cover letter was not published to any third-parties. To establish defamation, Plaintiff must show that University published the cover letter without privilege to a third party. *Mastro v. Potomac Electric Power Co.*, 447 F.3d. 843, 858 (2006). However, Plaintiff has failed to offer any evidence that the cover letter was published to any third party. Indeed, Plaintiff

cannot establish this element of his claim because the cover letter was addressed and forwarded to Plaintiff only. (See Ex. A.) As the cover letter was not published to any third-party, Plaintiff's defamation claim must fail.

**D.      Conclusion**

WHEREFORE, based on the foregoing and for the reasons set forth in the University's Motion for Summary Judgment, Defendant American University respectfully requests this Honorable Court enter an Order granting its Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice.

Dated this 15th day of October, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ *Christopher E. Hassell*

Christopher E. Hassell, Esq., #291641
Christine S. Ramapuram, Esq. #492391
1233 20th Street, N.W., Suite 800
Washington, DC  20036
(202) 712-7000
(202) 712-7100 (fax)
**Counsel for Defendant American University**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Defendant American University's Reply Memorandum in Support of Motion for Summary Judgment* was served *via* first-class mail, postage prepaid, this 15th day of October, 2007 to:

Mr. Joseph Slovinec
425 Second Street, N.W.
Washington, D.C. 20001
Plaintiff *pro se*

　　　　　　　　　　　　　　　　　　/s/ *Christopher E. Hassell*
　　　　　　　　　　　　　　　　　　Christopher E. Hassell