IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Joseph Slovinec, Plaintiff                              06-1143

(gk) Judge Kessler

Vs.

American University, Defendant

COMPLAINT TO UNITED STATES ATTORNEY JEFFREY TAYLOR ON PROBABLE CAUSE FOR OBSTRUCTION OF JUSTICE INVESTIGATION WITH CHRISTOPHER HASSELL'S ATTEMPT TO CORRUPTLY INFLUENCE JUDGE KESSLER TO BELIEVE FALSE STATEMENTS ON JOSEPH SLOVINEC'S ALLEGATION A DISRUPTIVE ACTIVITIES CLAIM WAS FALSE

1. This is addressed to U.S. Attorney Jeffrey Taylor:". American University has a bad record of integrity in the scandal about ex-President Benjamin Ladner (see American University website, President Kerwin's statement on U.S. Dept. of Justice investigation, Oct. 5, 2005) and his expenses. Similar attention was called to U.S. Senator Charles Grassley (R-Iowa's) call for reforms in the American University Board of Trustees. Since the U.S. Department of Justice has a Justice Programs office at American University, the Department should influence American University to set higher standards of integrity. American U.'s Legal Counsel in above case, Christopher Hassell of Bonner Kiernan Trebach and Crociata could cause a major third area of investigation with false statements on my positions since I filed related case 2006 CA 3812 where I alleged I was falsely accused of disruptive activities: I maintain American University voluntarily recognized "free expression", therefore First Amendment rights in anti-discrimination policy which is admissible in court like George Washington U. rules on Nott.

2. I want to complain Mr. Hassell made two attempts in a trick or scheme to corruptly influence Judge Kessler to issue a dishonest ruling for his Motion of Summary Judgment against my case. Hassell can argue his viewpoint in case. However, here is the text of two issues where he attempts to deceive Judge Kessler with a similar violation to 18 U.S.C. 1503 (see 1501-1510), 1623: Hassell in 06-1143, Defendant's American University's Reply Memorandum in Support of Motion for Summary Judgment of Oct. 15, 2007; "Moreover, through his failure to dispute Defendant's Statement of Material Facts Not Genuinely in Dispute, Plaintiff has admitted that the Barring Notice was issued because he engaged in disruptive activity at various University offices.". I, Joseph Slovinec, made it clear I said the disruptive activities accusation was false and defamatory in 06-1143 Pleading to Request Court to Refuse and Deny American University's Motion for Summary Judgment, Oct. 10, 2007, p. 2 "Plaintiff has evidence of American University's continued negligence because McNair and Maurice Carter issued barring orders three years in a row without any review of evidence, and with malice and reckless disregard of truthfulness"..Visits were on "matters of public concern and protected speech like First Amendment Rights of professor who complained about grade fraud, *Powell v. Gallantine*, 992 F.2d 1088 (10th Cir. 1992) with no actual disruption of university services 9(like arguing, lying down on pavement). " and the same page gives a list of visits Joseph Slovinec made on

RECEIVED

OCT 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

May 17, 2005, where his visits were permitted and staff did not tell him to leave room, and therefore D.C. Code 22-3302 was not violated;" Mr. Kumar of Mediation Services who desires privacy, although he indicated he could not do anything after semester ended since he felt his role would have been to ease tensions if Dr. Fisher's group had frictions in turning in work", Carrie Trybulec of International Peace and Conflict Resolution, and "Darryl Cook of Financial Accounts politely told Plaintiff his unpaid Spring Tuition bill could be paid with somewhat late loan or by remission of tuition with American University's permission" American U. was required by law to show Plaintiff records in three other offices he visited: April Hornung of Human Resources who J. Slovinec asked on filing discrimination complaint, "Amanda Taylor who was not in and was accused of violating FERPA in federal court", an issue American U. Legal Counsel settled at last minute before U.S. Supreme Court hearing in 06-6254, and Financial Aid which earlier claimed support for a $14,000 loan which J. Slovinec did not receive, and he later received outrageous demands to pay money from own pocket when he had less than $61 in bank." including e-mail from Ronald Fisher of Sept. 5, 2005. Either Hassell or American U. Legal Counsel Hisham Khalid probably altered a barring notice when the original text contains an arrest threat under D.C. Code 22-3302. I believe Judge Kessler was unresponsive to my past complaints about them. There is a potential second cause for an obstruction of justice charge since the Public Safety Unit used arrest threats to intimidate Plaintiff who could not question any witnesses at all and phone calls seemed inappropriate without a discovery order: discovery could revise J. Slovinec's position which includes allegations McNair and Maurice Carter wanted or intended to tell any employers who required American U. background checks not to hire J. Slovinec because he was an undesirable who was barred from campus. McNair and Maurice Carter threatened to defame Plaintiff to District of Columbia police and demand excessive force in arresting and potentially jailing Plaintiff for six months if he ever visited campus for any reason: this deprived him of access to Ronald Fisher, who with Susan Nan were his only employment references or potential references in Washington, D.C. between January 2005 and March 2006, a campus nurse Ms. Coles when J. Slovinec had a hypertension reading of about 188/100 about May 8, any offices or anyone who could help him in a job search: it therefore makes little difference if the barring order was posted to students, a major argument of Hassell. Above arrest threats made it impossible for J. Slovinec to conduct discovery on witnesses where McNair unfairly influenced them to be probably hostile: Hassell does not allude to threats when he complains J. Slovinec lacks enough evidence. Judge Kessler would not order discovery in this case since June 2006 and Judge Urbina also did not: both issued 2005 rulings which cut off J. Slovinec from any access to financing and this caused the economic bashing of J. Slovinec as a liberal Illinois Democrat from Chicago. Mr. Taylor, I respect you might have some difficulty with this. American U. School of International Service is mainly a Republican-leaning Defense Dept. and Central Intelligence Agency recruiting ground, and Director of Peacebuilding Program Ronald Fisher is a military trainer who ineffectively supervises research on Colombia's FARC rebels: if someone moves in from Chicago, American U. nearly refuses to market the individual for a non-military job other than U.S. Institute of Peace with few openings. Since I sought an order to compel American U. to hire in 06-455, I decided not to agree to complain about President Bush's pardon of Scooter Libby or call for Alberto Gonzales' resignation. P. 2

MCKINNEY-VENTO ACT AND EXPLOITATIVE LEASE FISHER ARRANGED FOR J. SLOVINEC AT PARK BETHESDA BEFORE TWO YEARS OF CAPTIVITY AT MOSTLY AFRICAN-AMERICAN COMMUNITY FOR CREATIVE NONVIOLENCE HOMELESS SHELTER

    Mr. Taylor, I know that the U.S. Dept. of Justice will want to go over work on the rest of the case which I sent a few months ago: although I will not dispute that the Department did not want to intervene on my side in 06-455 and says EEOC did a bad job when it merely said I had right-to-sue and they did not claim American U. innocence, it is a national disgrace when neither the U.S. Department of Justice nor federal government has taken any actions on my complaints on repeated denial of access to worker training programs and legal counsel to end the severe poverty I suffered since attending American University: zero income in 2005, $2700 in 2006, and only $4000 since my June 21, 2007 layoff where I have lived near solitary confinement in the Community for Creative Nonviolence without attending school or a job since June 2007 like an earlier economic bashing I got from Mayor Williams and his African-American staffs when I resided at CCNV with only $60 in the bank in September 2005 and zero after January 2006 and no attendance at school or work between August 2005 and February 2006: I maintain these violated the Welfare Reform Act.  I intend to ask to make a Victim Impact Statement to your office within a few days and ask for fairness: this will also be discussed with D.C. Office of Administrative Hearings Judge Handy on October 31, 2007.  Root causes are Dr. Fisher's mismanagement of the Graduate Certificate of Peacebuilding program where he demanded I only use private loans, not federal loans, and his textbooks get an A- for Political Theory yet have little appeal to those who give grants in Illinois: these are causes for discovery in 06-1143. I do not ask you to get too involved in issues about U.S. Secretary of Education Margaret Spellings in this pleadings with a loan default June 22, 2005 after confusion and an earlier deferment: however, she blocked my desired return to Illinois in September 2005 and my legal position is that the main cause of the barring was a letter where I felt double-crossed since a young man on her phone line told me I could file an institutional grievance if I was dissatisfied with Fisher's lack of use of federal loans and the main cause of the arrest threat was protection of financial profits of Housing and Dining Director Julie Weber who threatened to evict me the previous day, May 16, and I wrote Ms. Spellings that the Montgomery County Department of Human Services said I could not use any homeless shelter in Maryland in summer because I was not mentally ill and I was not a substance abuser:  I therefore renew calls to investigate this situation since the McKinney-Vento Act provides funds for homeless shelters and services in Maryland.   I have tried to tell American U.  they caused me similar negative social stigma with both eviction and barring like Jordan Nott in the George Washington U. case:  with their sarcastic, hostile attitude and statements of Mr. Hassell my motions do not deserve to "survive" p. 3 of Above Memo and Mr. Khalid saying my case was "fatal", I do not trust American U. to effectively handle students who threaten suicide which was an issue among Jordan Nott's peers..   It was unfair to threaten to arrest me  when I asked for mediation on trying to leave  Park Bethesda with excessive rent.
PROOF OF SERVICE: In U.S. mail to: Christopher Hassell, Christine Ramapuram, or Ariel Grayson (Mr. Hassell's stand-in in D.C. Superior Court), 1233 20th St., N.W., Suite 800 Washington, D.C. 20036
Joseph Slovinec October 19, 2007      P. 3

*Joseph Slovinec*

ABOVE ITEMS ALREADY SERVED TO CLERK, BONNER SENT TO MR TATLOR