IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,                                          06-1143

    Plaintiff,                                   (gk) Judge Gladys Kessler

    Vs.

American University,

SUMMARY OF CASES IN FAVOR OF RETENTION OF CASE

1.   Plaintiff asks court to review cases in favor of his retention in case. Plaintiff believes Defendant had reckless disregard of truth in a defamation case like *Colson v. Stieg*, (1982) 433 N.E. 2d 246 where McNair did not have a basis in facts to accuse Plaintiff of disruptive activities when he was merely distributing letters on an institutional grievance against American University where a phone call answerer at the office of U.S. Secretary of Education Margaret Spellings claimed he had the right to file the grievance, and therefore serve copies. If Plaintiff remembers correctly, Colson had citations from a defamation case for a Northern Illinois University professor where it was enough to prove defamation when words were said to a committee which considered hiring or professional activities, not automatically including all students. American University's campus is normally open to the public like in *Commonwealth v. Tate* (1981) 1432 A2d 1362. American University has free expression in anti-discrimination policy and Plaintiff's visit on May 17, 2005 did not violate American University regulations. Although American University is a private university, current D.C. practices on access to American U. are similar to Florida's public and private universities in *Lieberman v. Marshall*, Fla. 236 So.2d 120: "Under U.S. and Florida Constitution, any college, university may enact rules or regulations denying a campus group access to the institution or building if (they) advocate: 1) Violent overthrow of U.S. government 2) Willful destruction or seizure of a building 3)Disruption…of..institution's..classes or other educational functions 4) Physical intimidation (of anyone) 5)Other campus disorder of a violent nature …Restraint is to preserve safety and order : a university need not open its campus buildings to student groups, but if it does so, it may not (cause) violation of constitutional rights including liberty of speech. Id at 128 which also cites items J. Slovinec did not cause: "clear and present danger", "interference with traffic". Since J. Slovinec was not told to leave, he did not argue with staff and therefore did not interfere with or prevent normal functions of offices for mediation, talks with students, or financial aid issues. Distribution of letter to Spellings did not violate AU regulations or any reasonable "standards for guidelines" like "letters " to "teacher competency testing" which are protected under "First Amendment rights". *Hall v. Bd. Of Sch. Com'rs of Mobile County, Alabama*, 681 F2d 965,969 (1982) which also cited "14th Amendment and 42 U.S.C. 1983 where "policies KIA, KIB applied in an arbitrary and inconsistent manner" like McNair's action.

**RECEIVED**

NOV - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


In a discussion of 1st and 14th Amendment rights under 42 U.S.C. 1983, one can sue for "retaliatory discharge" under 42 U.S.C. 1983, *Greenwood v. Ross* 778 F.2d 948 (8th Cir. 1985): barring was partially in retaliation for asking April Hornung at Human Resources Office for information on how to file discrimination complaint, and Judge Kessler had not addressed retaliation issues which overlap in Cases 06-455 and 06-1143. Plaintiff reserves right to request minimum amount of damages under 42 U.S.C. 1983 although a judicial conference on issues is desired: there was confusion on this issue after Mr. Hassell removed the case from D.C. Superior Court.MATTER OF PUBLIC CONCERN" ROTH AND TINKER V. DESMOINES CASES In the *Hyland v. Wonder* 972 F2d 1129 (9th Cir. 1992), discussion of "abuses or inefficiency" and "potential civil rights violations" are a "matter of public concern' and "constitutionally protected by First Amendment". If American U. does not want to narrow differences or consider settlement of case, American U. could run afoul of principles in two major cases and gain a reputation as a conservative, repressive university engaged in actions like repressions of Vietnam War demonstrators: American U. should reconsider its actions since D.C.'s police and government believe in limited respect for legal demonstrations and free expression. Plaintiff had damage to his 14th Amendment liberty interests as the U.S. Supreme Court defined them when Roth also criticized his school's administration in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) where liberty interests include right to "engage in any of common occupations of life" and to "establish a home". Although McNair's affidavit claims he did not intend to injure J. Slovinec's reputation, real damages to his ability to engage in common occupations of life occurred: after his eviction from American U., Mayor Williams' bureaucrats put him in isolation from professional contacts at a homeless shelter on a no-cash food stamps program and McNair's barring was partially done to intimidate Plaintiff from talking about the wretched fate of American U. students who Julie Weber evicted in the letter to Spellings and from talking about unjust financial aid practices. American U. had an emergency loan program of Cafritz, Morgenstern, and Skaskan loans and when they refused to give J. Slovinec a loan, this happened: Senator Obama got J. Slovinec's resume, and if Senator Obama or his office called American U., American U. planned to say J. Slovinec was barred for vague accusations of bad behavior and Ronald Fisher planned to say J. Slovinec lacked permission to use his reference (even with an A grade on work which was corrected) because J. Slovinec never paid his tuition bill: there would have been only one positive reference for verbal talks before Professor Susan Nan who now works at George Mason and usually a minimum of two or three references are needed for a hire: therefore without enough references in D.C. area, J. Slovinec had disrespect of his liberty interest of engaging in common occupations of life and lacked enough funds to return to Illinois where he resided 1989-2004. On a campus which claims to support academic freedom, it is distressing when a major cause of barring appeared to be criticisms of Ronald Fisher for not grading J. Slovinec's paper on Arab League when it moderately criticized President Bush for not discussing more an Arab League plan to peacefully exile Saddam Hussein. In a Vietnam War protest, the U.S. Supreme Court ruled the "wearing of armbands on campus" was "not disruptive", *Tinker v. DesMoines,* **393 U.S. 564 (1969).** An affidavit is attached with cautions to discuss it with D.C. Attorney General Linda Singer.PROOF OF SERVICE; In U.S. mail to: Christopher Hassell, Bonner Kiernan, 1233 20th St., N.W., Washington, D.C. 20036 Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001  October 30, 2007

AFFIDAVIT OF JOSEPH SLOVINEC IN UNITED STATES DISTRICT COURT CASE 06-1143, SLOVINEC V. AMERICAN UNIVERSITY

I, Joseph Slovinec, testify that I truthfully informed the court that I visited American University on May 17, 2005 and politely conversed with these individuals with permission who did not tell me to leave:

Mr. Kumar, of Mediation Services, about tensions which were caused by Professor Ronald Fisher's pressures for me to negotiate a lease at Park Bethesda where Maryland refused to provide a shelter after eviction. Letter to Secretary Spellings said: "The Maryland Dept. of Health and Human Services says I cannot use their emergency shelters: they are only for the mentally ill and substance abusers." We agreed there were not tensions between students of Professors Fisher or Nan and myself..

Carrie Trybulec of International Peace and Conflict Resolution on job advising;

Darryl Cook of Financial Accounts where I told him I still considered asking for a loan to pay Spring Semester 2005 tuition or permissible remission

School of International Service Admission Office where Amanda Taylor was not in, and she later tried to obstruct my inspection of my file as a past enrolled student which was required by federal Family Educational Rights and Privacy Act and American University regulation

Financial Aid receptionist took it with no meeting with staff: where American University regulations allowed me to file a Financial Aid Appeal on or before about August 1, 2005 to request an emergency loan, and where there is a legal right for me to inspect financial aid records. A May 12, 2005, letter to U.S. Secretary of Education Margaret Spellings was distributed to above offices which complained about tensions about above issues, inability for me to legally select a residence or make a home other than Park Bethesda, and Ronald Fisher's refusal to grade a paper about the Arab League

Above visits were described to the D.C. Superior Court in Case 2006 CA 003812 B before the case was removed: Complaint said: "See Casebook under D.C. Code 22-3302 (Cases) (Some Federal) On Library of Congress: Arrest Threats Made for Demonstrations, Refusal to Leave after Verbal Warning, Burglary: Plaintiff did not commit these):" therefore, my legal position is it was false or inaccurate for Michael McNair to complain I had disruptive activities on campus May 17, 2005 as they are defined in D.C. Code 22-3302 and related cases. **Barring was done for staff coverup of neglect of duties, not students.**

In addition, I, Joseph Slovinec , visited the office of April Hornung of Human Resources and asked for information on how to file a complaint about employment discrimination: this is also a legal right and I alleged retaliation was used with the barring order where all other above reasons also seemed relevant.

I intend to deliver to court on or before November 1, 2007. *Did not disrupt Hornung April meeting*

SUBSCRIBED AND SWORN: Joseph Slovinec, 425 2nd St. (also called Mitch Snyder Place), Washington, D.C. 20001        *Joseph Slovinec*

The District of Columbia: SS
subscribed and sworn to before me
this_____day of_____2007

Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2011