IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,                               06-1143

   Plaintiff,                                    (gk) Judge Kessler

Vs.

American University,

   Defendant

RECEIVED
NOV 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REQUEST TO D.C. ATTORNEY GENERAL FOR INVESTIGATION OF MAURICE CARTER OF AMERICAN UNIVERSITY PUBLIC SAFETY OFFICE FOR ATTEMPTS TO INFLUENCE D.C. POLICE TO SUPPORT CONSPIRACY TO INTIMIDATE POTENTIAL WITNESSES FROM TESTIFYING IN ABOVE CASE WITH POTENTIAL VIOLATIONS OF D.C. CODE 22-722 OBSTRUCTION OF JUSTICE AND D.C. CODE 5-801 WHERE THERE IS MISCONDUCT FOR UNNECESSARY USE OF FORCE IN ARRESTS

1. Plaintiff is able to file this complaint with D.C. Attorney General Linda Singer within the 20 days he specified to Judge Kessler: he is less able to keep to a strict schedule in the future with chaos resulting from a badly disorganized job search with unemployment insurance of only $11 per day which will run out about January 28, 2008 and he could end up with zero in his savings account and a second period of financial and emotional abuse in staying at the Community for Creative Nonviolence homeless shelter at 425 2nd St., N.W., Washington, D.C. 20001 where American U. Financial Aid, Housing and Dining, and Public Safety staffs together with Mayor Williams' D.C. Department of Human Services influenced his stay at CCNV from September 2005 to February 2006 with first $60, then zero in his savings, and no attendance at work and school. Plaintiff complains to D.C. Attorney General Singer that all decisions made by Judges Urbina (in earlier American U. case) and Kessler (in 2005 request for court order for Perkins Loans for him to attend Roosevelt University in Chicago and Oct. 15, 2007 dismissal of related case 06-455, EEOC discrimination against American U) have worsened his financial condition.

2. ASSISTANCE IS NEEDED TO REQUEST A TRANSCRIPT OF SWORN TESTIMONY IN A HEARING BEFORE JUDGE LEIBOWITZ IN SEPTEMBER 2007
There is a complete communication gap between J. Slovinec and American U. since the only reason J. Slovinec moved from Chicago to D.C. was to attend American U. which constantly refuses to let him finish a Graduate Certificate in Peacebuilding program he started in Spring 2005: he became a Food Stamp recipient in D.C. for past two years and sought a TRO for access to campus to finish program. In D.C. Superior Court Case 2007 CA 004325 B Judge Leibowitz took testimony from J. Slovinec under oath, as he remembers, including that he distributed a letter on campus to U.S. Secretary of Education Margaret Spellings where her office claimed J. Slovinec had the right to file an institutional grievance for denial of financial aid and lack of access to homeless shelters in Maryland: Judge Leibowitz' clerk was dilatory and asked J. Slovinec to file another motion to reactivate the case to get the transcript. In both this case and his case against CCNV, J.Slovinec cannot afford to hire an attorney and maintains his 14th Amendment right to a legal counsel as an indigent litigant which the U.S. Supreme Court supported in *Douglas v. California (1963) 372 U.S. 353(see) Fitzgerald v Beto*, (1973, CA5TE>0 479 F2D 420. Your office's advice on obtaining this is appreciated and please ensure there are no double standards since McNair and American U. attempted to skip questioning of witnesses like the Spring 2007 Karl Rove demonstration case.

3.   D.C. Attorney General Linda Singer is asked to investigate the circumstances under which Maurice Carter issued a third barring order in May 2007. D.C. Code 22-722 says "obstruction of justice " occurs when an actions occurs to "delay or prevent truthful testimony "of person "in official proceeding" which "impedes the due administration of justice." PLEASE SEE RELATED CHARGES WHEN ATTORNEY CHRISTOPHER HASSELL FALSELY CLAIMED J. SLOVINEC DID NOT DISPUTE HIS DISRUPTION CHARGES (See 06-1143, Complaint to U.S. Attorney Taylor on Probable Cause of Obstruction of Justice Investigation with Christopher Hassell's Attempt to Corruptly Influence Judge Kessler to Believe False Statements on Joseph Slovinec's Allegation a Disruptive Activities Claim was False", Oct. 19, 2007. This was the major cause of the third barring notice Maurice Carter issued to threaten Joseph Slovinec's arrest if he visited American University for any reasons: the bad faith of Maurice Carter is proven when he continued an order mostly to intimidate J. Slovinec, not protect students like Michael McNair claimed in an affidavit, after in Appendix B to pleading in above 06-1143 case, Motion for Status Hearing During July and Setting of Schedule for Discovery, where on May 22, 2007 where J. Slovinec wrote Maurice Carter: " Dear Mr. Carter: I am appealing your barring order 15 days after it was issued: this deserves a fair hearing since I only received it in the mail yesterday, May 21. It is important to ask you either to send me a letter where you say you accept my presence at American University for court-ordered discovery activity in my lawsuits against American University in U.S. District Court 06-455 and 06-1143 or accept the voluntary access agreement I send to Mr. McNair, Mayor Fenty, and D.C. Police Chief Cathy Lanier last week with the addition that I would voluntarily agree to not use University shuttles with unpaid charges. If you do not take either of these actions , I could ask for proceedings for contempt of court if Judge Kessler issues a discovery order and you refuse to obey it". All three barring orders threatened American U. Public Safety pressurizing of D.C. Police to violate D.C. Code 5-123.02 "unnecessary and unwanton severity in arresting". D.C. Code 5-801 to use "unnecessary force" in arresting J. Slovinec with a defamatory American U. letters which falsely implied J. Slovinec had disrupted American U. campus when he did not take actions to disrupt like physical obstruction or noise in D.C. Code 22-13.402 at a medical facility. If Maurice arrests someone as private detective, he must report it to D.C. Police. D.C. Code 5-121.02. Michael McNair made vague accusations J. Slovinec had bad "behavior"; J. Slovinec maintained the visit included business which was legally protected under First Amendment in a pleading in 06-1143, on Nov. 20, 2006: "listed names of those he visited..conversations were not disruptive activities like demonstrating or arguing, Mr. Kumar, Ms. Trybulec, April in Human Resources, Darryl Cook in Student Accounts, and Financial Aid receptionist" and real causes of barring were content of May 12, 2005 letter to Spellings which was in Case 06-455 (MR. HASSELL IS ASKED TO SEE ITEM 6 ON APRIL 19, 2006, APPENDIX A) on p. 2: "3a. Complaint on not receiving tuition remission, an employee benefit 3b. A request to transfer credits from Spring 2005 to another program besides Dr. Fisher's which Dr. Fisher opposed 3c. J. Slovinec complained he had less than $1400 in bank 3d. After Julie Weber in Housing and Dining threatened Plaintiff with eviction notice, Plaintiff complained to Spellings that Maryland Department of Health and Human Services would not allow him to stay in a homeless shelter since ins ummer they were only for mentally ill and substance abusers. (Judge Walton transferred a related case to U.S. District Court in Maryland) 3e.. Plaintiff had not received any financial aid since the Dec. 2004 letter from Dean Goodman's office. 3f. When Plaintiff sold his late father's house to Edward Abankwa, a black, Abankwa continued to keep J. Slovinec's name on Abankwa's Nicor gas bills for several months after Feb. 1, 2002 and Plaintiff refused to pay overcharge of $814 for gas bills after Feb. 1, 2002 and informed Nicor: it was listed unfairly as adverse item on J. Slovinec's credit report..among reasons for barring .

3g. Ronald Fisher refused to grade Plaintiff's paper because it was critical of Bush's policy on Iraq, and not consulting with Arab League before 2003 Iraq invasion( J. Slovinec is Democrat and informally told D.C. Police Chief Cathy Lanier main causes of barring dispute included personality rivalries with Ladner and Republicans on Iraq) 3h. Mr. Berhanu of Financial Aid was not forthcoming on American U.'s Programs to aid poor and needy. 3i. Spellings was warned there were uncertaintites in Plaintiff's job search ..(and) use of Fisher's name as reference after Plaintiff was unemployed during 2003 and 2004."

RELATED EXTORTION-TYPE MENTALITY OF AMERICAN UNIVERSITY VICE PRESIDENT OF FINANCE AND TREASURER

4. American U. cancelled J. Slovinec's Spring 2005 classes for nonpayment which is usually a cause of a tuition refund in the catalog. Since J. Slovinec is an extreme poverty case with income of zero in 2005, $2700 in 2006, and only $4000 in 2007 before a layoff, there was no chance American University could have collected $11,000 for unpaid charges of J. Slovinec's unpaid Spring 2005 charges. Plaintiff J. Slovinec maintains a major cause of the barring order was the unpaid charges although Public Safety Chief Michael McNair was not candid when and omitted it when he signed an affidavit in case: J. Slovinec complied with a verbal agreement with American U.'s Financial Aid Office to apply for private loans to pay bill and American U. has never specified what they expected him to do when he was turned down for all private loans: J. Slovinec is considering filing a complaint with D.C. Office of Human Rights for discrimination against him as a Democrat and ex-Illinois resident without a family in D.C. on refusal of American U. to answer any of his inquiries on Cafritz, Skaskan, and Morgenstern emergency loans in the catalog in 2005 where a similar pattern of conduct when American U. Financial Aid Office did not answer his correspondence on trying to get a federal grant for unspecified purposes earlier in 2007. Mr. Hassell should reconsider a legal strategy since he is using propaganda tactics like Hitler's big lie when he implied to Judge Leibowitz J. Slovinec had capacity to pay bill: the Barring Notice was on stationery of American U. Vice President For Finance and Treasurer and J. Slovinec does not have money himself, and American U. Benjamin Ladner or staff made exaggerated accusations J. Slovinec disrupted a meeting to discuss how American U. policies could cause his bankruptcy , D.C. should caution American U. from trying to extort it or pressurizing him to extort from someone he once knew in Chicago like a Democrat or Catholic Church officials: according to D.C. Code 22-3251 extortion is attempt to "threaten force" for "wrongful threat of economic injury.".

*Joseph Slovinec*

PROOF OF SERVICE IN U.S. MAIL:To: Christopher Hassell, Bonner Kiernan et al., 1233 20th St., N.W., Washington, D.C.

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001  November 20, 2007