```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


JOSEPH SLOVINEC,                :
                                :
        Plaintiff,              :
                                :
     v.                         :     Civil Action No. 06-1143 (GK)
                                :
AMERICAN UNIVERSITY,            :
                                :
        Defendant.              :
```

**MEMORANDUM OPINION**

This action is before the Court on Defendant's Motion for Summary Judgment. Upon consideration of the motion, Plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for Defendant.

I.  BACKGROUND

The record shows that Plaintiff was barred from the American University's Main Campus and University Shuttle Service "for disruptive activity at various [U]niversity offices." Compl., App. A (letter from M. McNair, Chief of Police - Director, Public Safety Office of the Chief, American University).[1]  The Barring Notice

---

[1] Plaintiff initially filed this action in the Superior Court of the District of Columbia. Defendant included a copy of that original one-page Complaint, a seven-page typewritten "Complaint of Defamation and Damage to Potential Business Reputation in Barring Order of May 17, 2005 of American University's Public Safety," with attachments (designated by Plaintiff as appendices), as Exhibit A to its Notice of Removal [Dkt. #1]. The short statement set forth in the original one-page Complaint is incoherent and nearly illegible, and the seven-page
(continued...)

advised that, "should [Plaintiff] return, [he] will be arrested and charged with unlawful entry, under [Section] 22-3302 of the DC Code."  *Id.*, App. B (Barring Notice, Case Number 050425).  The initial Barring Notice remained in effect from May 17, 2005 through May 17, 2006, *see id.*, and apparently was renewed or remained in effect in subsequent years.  *See* Pleading to Request Court to Refuse and Deny American University's Motion for Summary Judgment ("Pl.'s Opp'n") at 2.  American University's Chief of Police and Director of the Public Safety Office explained the situation as follows:

> Due to concern about Plaintiff's unpredictable and erratic behavior, the University determined it prudent to bar Plaintiff from campus to protect University employees and students.  The Barring Notice was forwarded to safety officers and other administrators on campus who had a duty to protect [U]niversity employees and students.  The Barring Notice was not distributed to students or posted in public view.  The Barring Notice was not intended to injure Plaintiff's reputation in any way.

Memorandum of Points and Authorities in Support of Defendant American University's Motion for Summary Judgment ("Def.'s Mot."), Affidavit of Michael McNair ("McNair Aff.") ¶¶ 5-7.

---

[1](...continued)
typewritten pleading more intelligibly describes the circumstances giving rise to Plaintiff's causes of action.  Accordingly, references to the Complaint in this Memorandum Opinion are references to the seven-page typewritten pleading ("Compl.").

2

Plaintiff acknowledges that he visited several offices on the University's campus on May 17, 2005 to deliver copies of a letter he had addressed to Margaret Spellings, Secretary of the United States Department of Education.  See Compl. at 4-5.  He believes that he was "falsely accused of 'disruptive activities'" on the University's campus.  Id. at 1.  Plaintiff opines that the "real reason for the barring order was [his] nonpayment of fees although McNair did not state it."  Id. at 3.  He presumes that the Barring Notice "must have been distributed to every office on campus to make [Plaintiff] look bad to American U. faculty, administration, and staff: this making someone look bad could cause comparisons of the barred individuals to burglars, [and] sex [] offenders: this circulation of order is still defamation."  Id. at 5-6.

As the Court construes the Complaint, Plaintiff raises two claims:[2]

> It appears that Plaintiff challenges the barring order on the ground that it violates his rights under the First Amendment to the United States Constitution.  In addition, Plaintiff appears to bring a defamation claim against American University for the issuance and distribution of the barring order.

---

[2]    Generally, Plaintiff's Complaint and other filings are rambling and incoherent, and thus have presented both Defendant and the Court with the difficult task of deciphering their meaning. The Court liberally construed the Complaint and "Plaintiff's More Definite Statement: If Two Offenses are Specified, He Could Drop Opposition to Consolidation" [Dkt. #8] as raising a First Amendment claim and a defamation claim.

*Slovinec v. American Univ.*, No. 06-1143 (GK) (D.D.C. Nov. 9, 2006) (order denying without prejudice Defendant's motion for a more definite statement and denying Plaintiff's motion to consolidate).

## II.   DISCUSSION

### A.   *Summary Judgment Standard*

Summary judgment is granted to the movant if it has shown, when the facts are viewed in the light most favorable to the non-movant, that there is no genuine issue of material fact in dispute and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). The mere existence of a factual dispute, by itself, is not a sufficient bar to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual allegation must affect the substantive outcome of the litigation; to be genuine, the factual allegation must be supported by sufficient admissible evidence that a reasonable trier of fact could find for the non-moving party. *Id.* at 251; *Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Evidence that is "merely colorable, or is not sufficiently probative" does not bar summary judgment. *Liberty Lobby*, 477 U.S. at 149-50.

The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue

for trial." *Liberty Lobby*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996). He cannot merely "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1996). Rather, he must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

When a party, as here, moves for summary judgment, the motion must be "accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." Local Civil Rule 7(h). Any opposition to the motion must "be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." *Id*. The Court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id*. Here, while Defendant's motion for summary judgment was accompanied by a statement of material facts as to which it contends there is no genuine issue and which references the parts of the record relied

5

on to support the statement, Plaintiff's opposition does not include a separate statement regarding facts in dispute as required by Local Civil Rule 7(h). Thus, the Court may and does assume that the facts identified by Defendant are admitted.

### B. First Amendment Claim

Relying on *Greenya v. George Washington Univ.*, 512 F.2d 556 (D.C. Cir.), *cert. denied*, 423 U.S. 995 (1975), Defendant argues that it is a private educational institution and, as such, "the constitutional protections embodied in the First Amendment are not applicable to regulate its actions." Def.'s Mot. at 3; *see* McNair Aff. ¶ 2. Plaintiff concedes that Defendant is a private institution. *See* Pl.'s Opp'n at 3. Rather than presenting a substantive opposition to Defendant's argument, Plaintiff merely declares "it [] false for [Defendant] to claim [that] 'the constitutional protections embodied in the First Amendment are not applicable to its actions.'" Pl.'s Opp'n at 3. In addition, without citing legal authority to the contrary, Plaintiff faults Defendant for "excessively us[ing] 1975 cases like the Greenya case which says receiving of financial aid does not determine First Amendment policies." *Id.* at 2-3.

"Although government has broad power to prohibit actions undertaken by private individuals, the Constitution proprio vigore only places limitations on actions undertaken by governmental entities." *Greenya*, 512 F.2d at 559. Nothing in the record

supports the proposition that American University is, or is controlled by, a government entity. Assuming arguendo, as Plaintiff suggests, *see* Pl.'s Opp'n at 2-3, that Defendant receives government funds, Plaintiff still does not establish that any government entity effectively controls the University's operations. *See Greenya*, 512 F.2d at 559-60 (noting that neither receipt of corporate charter nor grant of tax-exempt status "constitute[s] sufficient governmental involvement in the University to make it a governmental entity for constitutional purposes"); *see also Sanford v. Howard Univ.*, 415 F. Supp. 23, 29 (D.D.C. 1976) ("A showing of general governmental involvement in a private educational institution is not enough to convert essentially private activity into governmental activity for purposes of a due process claim[.]"), *aff'd*, 549 F.2d 830 (D.C. Cir. 1977); *Spark v. Catholic Univ. of Am.*, 510 F.2d 1277, 1282 (D.C. Cir. 1975) ("[R]eceipt of money from the State is not, without a good deal more, enough to make the recipient an agency or instrumentality of the Government.").

Given this case law, an the absence of any genuine issue of material fact as to Defendant's status as a private institution, the Court concludes that Defendant is not subject to the strictures of the First Amendment and therefore grants summary judgment for Defendant on this issue.

## C.  *Defamation Claim*

A statement "is defamatory if it tends to injure [P]laintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984) (citations and internal quotation marks omitted). "A [P]laintiff bringing a defamation action ... must show: (1) that the [D]efendant made a false and defamatory statement concerning the [P]laintiff; (2) that the [D]efendant published the statement without privilege to a third party; (3) that the [D]efendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the [P]laintiff special harm." *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001) (citations omitted). The allegedly defamatory remark "must be more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous, or ridiculous.'" *Best*, 484 A.2d at 989 (citation omitted)

1. The Barring Notice Was Neither False Nor Defamatory

Defendant argues that the Barring Notice "did not contain any defamatory and false statements," and that the its truth "is a complete defense to defamation." Def.'s Mot. at 5.  Plaintiff counters that the Barring Order contains "two false and defamatory statements." Pl.'s Opp'n at 2.  In support of this argument, he refers to statements made in Defendant's motion to dismiss and the

8

supporting affidavit. Specifically, Plaintiff objects to the reason for the Barring Notice's issuance, that is, Defendant's assertion that he had "engaged in disruptive activity at various American University offices." *Id.*

The weakness of Plaintiff's argument is that it fails to show a false or defamatory statement in the Barring Notice itself. The Barring Notice includes no statement of reasons and does not disclose the circumstances leading to its issuance.[3] It merely advises that, should Plaintiff return to the Main Campus or University Shuttle, he is subject to arrest for unlawful entry.

---

[3] The text of the Barring Notice reads:

> BARRING NOTICE
> CASE NUMBER: 050425
> NAME: Joseph Slovinec
> IS OFFICIALLY BARRED FROM
> Main Campus and University Shuttle
> OF THE AMERICAN UNIVERSITY
> BARRING EFFECTIVE FROM 05/17/2005 THROUGH 05/17/2008.

Compl., App. B. Beneath a photograph of Plaintiff appears the following statement:

> SHOULD THE ABOVE NAMED SUBJECT RETURN, THE SUBJECT WILL BE ARRESTED AND CHARGED WITH UNLAWFUL ENTRY, UNDER 22-3302 OF THE DC CODE.

*Id.* Expressly absent from the Barring Notice is any mention of the alleged disruptive activity or erratic behavior that prompted University officials to bar Plaintiff's access to the Main Campus and University Shuttle.

9

Absent a showing that the Barring Notice contains a false statement or is defamatory, Plaintiff's defamation claim must be dismissed.

### 2. The Barring Notice Is Privileged

Even if Plaintiff had demonstrated that the Barring Notice contained a false or defamatory statement, Defendant argues that the dissemination of the Barring Notice is privileged. *See* Def.'s Mot. at 5-6. "The common interest privilege protects otherwise defamatory statements made '(1) . . . in good faith, (2) on a subject in which the party communicating has an interest, or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty, (3) to a person who has such a corresponding interest.'" *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 858 (D.C. Cir. 2006) (quoting *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990)), *cert. denied*, __ U.S. __, 127 S.Ct. 1140 (2007). "[D]efendant bears the burden of proving the elements of the common interest privilege," and Plaintiff bears "the burden of defeating the privilege by showing excessive publication or publication with malice." *Mastro*, 447 F.3d at 858.

Defendant issued the Barring Notice because of Plaintiff's disruptive activity; its concern about Plaintiff's erratic behavior led University officials to bar his access to the Main Campus and University Shuttle. Defendant's affiant stated that the Barring

Notice was shared only with safety officers and administrators with a duty to protect University students and staff. The notice "was not intended to injure Plaintiff's reputation in any way." McNair Aff. ¶ 7.

Defendant thus demonstrates that dissemination of the Barring Notice was privileged: University personnel issued the Barring Notice in good faith and shared it only with University personnel charged with protecting staff and students. Plaintiff's assertions to the contrary are without support in the record.

3. <u>Defendant Was Not Negligent in Publishing the Barring Notice</u>

Plaintiff asserts that Defendant was negligent "because [Defendant] issued barring orders three years in a row without any review of evidence, and with malice and reckless disregard of truthfulness." Pl.'s Opp'n at 2. Plaintiff utterly fails to point to any evidence in the record to support his allegations of negligence, malice, or reckless disregard for truth, either with respect to the University's initial decision to issue the Barring Notice or the decision to renew it in subsequent years. Plaintiff, then, fails to establish the third element of a defamation claim.

4. <u>The Barring Order Neither Is Actionable As A Matter of Law Nor Caused Plaintiff Special Harm</u>

In order to show that the Barring Order is actionable, Plaintiff describes a civil action before the Superior Court of the District of Columbia pertaining to another local university's

11

decision to bar a student from campus.[4]  *See* Pl.'s Opp'n at 2-3. Plaintiff explains that that student's barring order prevented him from visiting friends, attending public events on campus, and meeting with university personnel about his situation.  *See id.* at 3.  The relevance of the Superior Court case is unclear and its outcome is unknown.

It appears that Plaintiff argues in the alternative that he has suffered special harm because of the Barring Notice.  He argues that the Barring Notice rendered him "unfit to visit anyone on campus and too behaviorally dangerous to talk to anyone" at the University.  Pl.'s Opp'n at 3.  As a result, Plaintiff states that he "had hypertension" and that he was "excluded from seeing [a] campus nurse."  *Id.*  He attributes his inability to return to school in Chicago and the default on student loans to the Barring Order, as well as his eviction from University housing and the "negative social stigma with two years on food stamps as a white minority resident of a mostly black CCNV homeless shelter."  *Id.* Plaintiff presents no medical evidence, and he points to nothing in the record to support these claims or to establish any monetary losses suffered.  Even if these events caused Plaintiff special harm, it is unclear how the limited publication of the Barring Notice to selected University personnel could have caused such

---

[4]   Plaintiff does not attach a copy of an Opinion or Order issued in this Superior Court case, and it does not appear that the court's decision is reported.

extensive harm. Thus, Plaintiff fails to establish the fourth element of his defamation claim.

### III.   CONCLUSION

For the reasons discussed above, the Court concludes that American University is a private institution which is not subject to the strictures of the First Amendment. The Court further concludes that Plaintiff's defamation claim must fail because the Barring Notice does not contain false or defamatory statements about Plaintiff. Even if it had, the Court concludes that Plaintiff fails to establish the remaining elements of his defamation claim. Accordingly, the Court will grant Defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion is issued separately.

  /s/  
GLADYS KESSLER  
United States District Judge

Date:  July 16, 2008